UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MARK JOHNSON, )
on behalf of himself and all others )
similarly situated, )
                                                       )
                      Plaintiffs, )
                                                       )     **JURY DEMANDED**
                          v. )
                                                       )     Civil Action No.
MORTON'S RESTAURANT GROUP, INC., )     05-11058-MLW
and MORTON'S OF CHICAGO, INC. )
                                                       )
                    Defendants. )
                                                        )

**FIRST AMENDED COMPLAINT**

I.    **INTRODUCTION**

    1     This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq., by Mark Johnson on behalf of himself and other current and former waitstaff employees at Morton's of Chicago restaurants, an upscale steakhouse chain, throughout the United States, which are owned and operated by Defendants Morton's Restaurant Group, Inc., Morton's of Chicago, Inc., and their affiliates ("Morton's"). As set forth below, Morton's has had a longstanding national policy throughout its restaurants under which its waitstaff employees have not been permitted to retain all of their tips and yet have received less than the permissible standard minimum wage, as Morton's has improperly taken a "tip credit" against the minimum wage for these employees. On behalf of himself and all others similarly situated who may choose to opt-in to this action, plaintiff Mark Johnson now seeks restitution for the tips they have not been permitted to retain, as well as the portion of the minimum wage that they did not

receive in base pay, liquidated damages, attorneys' fees and costs, and any other damages to which they may be entitled under law.

## II.   PARTIES

2.   Plaintiff Mark Johnson is an adult resident of Cambridge, Massachusetts. Mr. Johnson worked as a waiter at Morton's of Chicago in Boston, Massachusetts, from May 1998 until July 2002.

3.   Mr. Johnson brings this action on his own behalf and on behalf of all others similarly situated, who may choose to opt-in to this case. This opt-in class may exclude waiters who have participated in similar actions that have resolved or are currently pending.

4   Defendant Morton's Restaurant Group, Inc., is a Delaware corporation that owns and operates more than 60 Morton's of Chicago restaurants throughout the United States.

5   Defendant Morton's of Chicago, Inc., is an Illinois corporation affiliated with Defendant Morton's Restaurant Group, Inc., that also participates in the operation of more than 60 Morton's of Chicago restaurants throughout the United States.

## III.   JURISDICTIONAL STATEMENT

6   The jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331. This case arises under the laws of the United States of America.

## IV.   STATEMENT OF FACTS

7   In its restaurants throughout the United States (with a few limited exceptions), Morton's waitstaff have received a base pay which is less than the standard federal minimum wage, currently $5.15 per hour. Morton's waitstaff are generally paid

the "service minimum wage" applicable in each state. For states that do not have their own service minimum wage, Morton's waitstaff are paid the federal service minimum wage, which is currently $2.13 per hour. In some states, the state minimum wage rate which the waitstaff receive is somewhat higher, but still less than the standard federal minimum wage. For example, in Massachusetts, Morton's waitstaff, including Mr. Johnson, received the state service minimum wage, which is currently $2.63 per hour.

8. Morton's employees have not been permitted to retain all of their tips.

9. Instead, under a formula devised by management, tipped employees are required to "tip out" various other employees from the tips they receive from customers, including a percentage of their tips to management.

10. In each Morton's restaurant, there is a set percentage of tips that waitstaff employees are expected to pay to their managers. These managers are not traditionally tipped employees. The managers whom waitstaff are expected to tip out include General Managers, as well as other managers. The managers whom waitstaff are expected to tip out include those who have power to hire and fire and who would be classified as "employers" under the FLSA.

11. Morton's does not explain to its waitstaff employees that it intends to take a "tip credit" against the minimum wage, that it intends to treat tips as satisfying part of their minimum wage obligation, nor does it explain anything to its waitstaff about a "tip credit" or what a "tip credit" is.

12. Morton's has been subjected to a number of investigations and legal actions regarding its tip policy in certain parts of the country, which should have placed it

on notice of its legal violation, but Morton's has nevertheless maintained this policy as a general policy throughout the country.

13. Morton's violation of the minimum wage and "tip credit" requirements of the FLSA, in requiring or expecting its waitstaff employees to tip out managers and other non-traditionally tipped employees, has been knowing and willful.

## COUNT I

FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 201 et seq.

Defendants' conduct, as set forth above, in failing to pay its waitstaff employees the full federal minimum wage, in failing to allow these employees to retain all of their tips, and in failing to provide the legally required notice regarding its intention to take a "tip credit," violates the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. As set forth above, Defendants have improperly taken a "tip credit" against the minimum wage in violation of 29 U.S.C. § 203(m).

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1. Opportunity to notify other similarly situated employees of their right to opt-in to this action;

2. Restitution for tips that Morton's waitstaff employees have not been permitted to retain;

3. Restitution for the portion of the minimum wage that Morton's waitstaff employees have not received in base pay;

4

4. Liquidated damages;

5. Attorneys' fees and costs; and

6. Any other relief to which Plaintiffs may be entitled.

          Respectfully submitted,

          MARK JOHNSON, on behalf of himself and all others similarly situated,

          By his attorney,

          */s/ Shannon Liss-Riordan*
          Shannon Liss-Riordan, Esq., BBO # 640716
          PYLE, ROME, LICHTEN, EHRENBERG
             & LISS-RIORDAN, P.C.
          18 Tremont Street, 5th Floor
          Boston, MA 02108
          (617) 367-7200

Dated: May 26, 2005