## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK JOHNSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTON'S RESTAURANT GROUP, INC., and MORTON'S OF CHICAGO, INC.<br><br>Defendants. | Civil Action No. 05-11058-MLW |

### DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL ARBITRATION AND TO STAY FURTHER PROCEEDINGS, FOR FEES AND COSTS AND/OR TO DISMISS PLAINTIFF'S CLASS CLAIMS

Defendants Morton's Restaurant Group, Inc. and Morton's of Chicago/Boston, Inc. (incorrectly identified as Morton's of Chicago, Inc.) (hereinafter referred to as "Defendants" or "Morton's"), hereby submit this Memorandum in Support of their Motion pursuant to 9 U.S.C. §§ 1, et seq. for an Order compelling arbitration of all disputes against Defendants raised in this action by Plaintiff Mark Johnson, awarding fees and costs and/or dismissing Plaintiff's class claims.

### UNDISPUTED FACTS

1.    On or about May 20, 2005 Plaintiff Mark Johnson (hereafter "Plaintiff") filed the instant action on behalf of himself and others, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") against Defendant Morton's Restaurant Group, Inc.

2.    On or about June 2, 2005, Plaintiff filed a First Amended Complaint to add Morton's of Chicago, Inc. as a Defendant.

3.      Plaintiff was employed as a server for Morton's of Chicago/Boston Inc. in Boston, Massachusetts from May 1998 until July 2002. See First Amended Complaint, ¶ 2.

4.      Plaintiff is seeking to represent a class of employees from more than 60 other Morton's of Chicago restaurants throughout the United States. Id. at ¶¶ 3-5.

5.      Plaintiff did not work at any of the more than 60 other Morton's of Chicago Restaurants that employ or employed the putative class members. Id. at ¶ 2.

6.      Plaintiff is seeking restoration of tips and gratuities, restitution of wages, liquidated damages, punitive damages, and attorney's fees and costs pursuant to the FLSA. See First Amended Complaint, wherefore clause.

7.      The conduct alleged in this action arises solely from Plaintiff's employment with Defendants. See First Amended Complaint.

8.      As a condition of his employment with Morton's, Plaintiff signed an agreement with Morton's in which he agreed to submit to arbitration all disputes arising out of his employment with Morton's. See Morton's Mandatory Arbitration Policy and Procedure for Resolving Disputes Arising out of Its Employees' Employment or Termination of Employment ("Arbitration Procedure"), and Plaintiff's Receipt for Mandatory Arbitration Procedure for Resolving Disputes Arising out of the Employee's Employment or Termination of Employment (the "Receipt"), appended  as Exhibits "A" and "B," to the Kerman Dec.

## ARGUMENT

I.  **THIS COURT SHOULD COMPEL ARBITRATION AND STAY ALL PROCEEDINGS PURSUANT TO THE PARTIES' ARBITRATION AGREEMENT**

A.  **The Parties Voluntarily Agreed to Submit All Disputes Arising out of Plaintiff's Employment to Arbitration**

As a condition of his employment with Morton's, Plaintiff agreed to arbitrate any and all disputes arising out of his employment or termination of employment with Defendant Morton's of Chicago/Boston Inc. Specifically, he signed a document entitled "Receipt for Mandatory Arbitration Procedure for Resolving Disputes Arising out of the Employee's Employment or Termination of Employment." See Plaintiff's Receipt, Exhibit "B" to the Kerman Dec. Through the Receipt, Plaintiff acknowledged that he received a copy of Morton's Arbitration Procedure, and agreed to abide by the Arbitration Procedure and the rules contained therein. The Arbitration Procedure expressly provides:

> In the event of any dispute, claim, or controversy including, but not limited to, any dispute, claim, or controversy seeking compensatory and/or punitive damages ("claims") arising out of any Employee's employment or the cessation of such employment with Morton's of Chicago/Boston, Inc. ("Morton's), any such claims, on an individual or class basis, shall be submitted to final and binding arbitration. Such claims shall include . . . [those under] the Fair Labor Standards Act, as amended . . .

See Arbitration Procedure ¶ A(1), Exhibit "A" to the Kerman Dec.

The Arbitration Procedure further states that "the arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association ('AAA') in effect at the time a demand for arbitration is made." Id. at ¶ A(2)(e). The Arbitration Procedure allows the parties to conduct discovery. Id. at ¶ A (6).

By signing the Receipt, Plaintiff agreed to submit the disputes outlined in his Amended Complaint to arbitration. By filing his Complaint and First Amended Complaint,

Plaintiff has attempted to disregard the arbitration process and has unnecessarily burdened this Court's docket. Accordingly, the Court should compel Plaintiff to submit his claims to binding arbitration as required by the agreement he signed at the outset of his employment with Morton's.

**B.      Federal Law Requires Referral to Arbitration.**

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq., requires that federal courts stay judicial proceedings if the issues involved in such proceedings are referable to arbitration:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.

9 U.S.C. § 3 (emphasis added) see also Hoefs v. CACV of Colorado, LLC, 365 F. Supp. 2d 69 (D. Mass. 2005) ("a district court must promptly compel arbitration under the [FAA] once it is satisfied that the parties agreed to arbitrate").

In Section 2 of the FAA, Congress proclaimed a liberal federal policy favoring arbitration agreements. See Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp., 460 U.S. 1, 24 (1983); Perry v. Thomas, 482 U.S. 483, 490 (1987). Under the FAA, courts are required to "rigorously enforce agreements to arbitrate." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 221 (1985).

Moreover, it is well-settled that agreements to arbitrate claims for employment related matters, including FLSA claims, are valid and enforceable. Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 123 (2001) ("The Court has been quite specific in holding that arbitration

agreements can be enforced . . . without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law . . . 'by agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial, forum.'") (citations omitted); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20 (1991) (claim of employment discrimination brought under the Age Discrimination Employment Act can be subjected to arbitration pursuant to an arbitration agreement); Chapman v. Lehman Brothers, Inc., 279 F. Supp. 2d 1286 (S.D. Fl. 2003) (FLSA claims were subject to mandatory arbitration); Adkins v. Labor Ready, Inc., 185 F. Supp. 2d 628 (S.D. W.Va. 2001) (FLSA and state wage and hour claims were subject to mandatory arbitration).

In considering whether to enforce an arbitration agreement, courts within this district have established a three-step inquiry. The court must "find that 1) there exists a written agreement to arbitrate, 2) the dispute in question falls within the scope of that agreement, and 3) the party seeking arbitration has not waived its right to arbitration." Gonzalez v. GE Group Administrators, Inc., 321 F.Supp. 2d 165, 168 (D. Mass. 2004) (citations omitted). As set forth below, all three conditions are present, and therefore, arbitration should be compelled.

First, it is undisputed that Plaintiff signed an agreement to arbitrate his employment claims. See Exhibits "A" and "B" to the Kerman Dec. Second, Plaintiff's FLSA claims fall within the scope of that agreement. The scope of the coverage of the Arbitration Procedure is extremely broad, requiring Plaintiff to arbitrate **any** claim or dispute arising out of his employment relationship with Morton's, including any wage claim, and specifically lists claims under the FLSA as subject to arbitration. See Arbitration Procedure, ¶ A(1), Exhibit "A" to the Kerman Dec. Moreover, courts are required to resolve any doubts about the scope of

arbitrable issues in favor of arbitration. See Dean Witter, 470 U.S. at 218; Cone, 460 U.S. at 24-25. See also Acevedo Maldonado v. PPG Indus., 514 F.2d 614, 616 (1st Cir. 1975) (holding that the broad language of the agreement to arbitrate "any controversy or claim arising out of or relating to this Agreement or the breach thereof" covered disputes between the parties whether the claims were in contract or tort).

Significantly, language less specific than that utilized in the Arbitration Procedure in this case has been held by courts in other employment matters to require arbitration. For instance, in Myrick v. GTE Main Street, Inc., 73 F. Supp. 2d 94, 96 (D. Mass. 1999), the court held that the employment agreement to arbitrate "any disputes arising from this contract" mandated arbitration of plaintiff's claims against both the employer and the supervisor for sexual harassment and sex discrimination under M.G.L. c.151B, retaliation, intentional and negligent infliction of emotional distress, negligent hiring, retention and supervision, and intentional interference with contractual relations, stating that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." (Citations omitted). In this matter there can be no doubt that Plaintiff's claims are subject to the arbitration agreement since it explicitly identifies wage claims under the FLSA as claims that are subject to arbitration. See Arbitration Procedure, ¶ A(1), Exhibit "A" to the Kerman Dec.

Third, Defendants have not waived their right to arbitrate, since they are moving to compel arbitration at the commencement of the litigation.

Finally, there is no dispute that the Arbitration Procedure provides for a full and fair resolution of the claims raised by Plaintiffs. Significantly, the Arbitration Procedure provides that Morton's will bear virtually all the costs of the arbitration. See Arbitration Procedure, ¶ A(8), Exhibit "A" to the Kerman Dec. Moreover, the forum selected by the parties,

the American Arbitration Association, is widely recognized as an impartial agency.  See, e.g.,
Lewis v. Prudential-Bache Securities, Inc., 179 Cal. App. 3d 935, 945 (1986) (court ordered
arbitration before the AAA because that body is completely impartial); Richard E. Speidel,
*Symposium: Securities Arbitration: A Decade After McMahon: Contract Theory and Securities*
*Arbitration: Whither Consent?*, 62 Brooklyn L. Rev. 1335, 1353-54 (1996) (if the parties
designate a "neutral and respected agenc[y] such as the AAA" it is rare that a party can
demonstrate that the proposed arbitration rules or processes are not impartial);  Thomas J.
Stipanowich, *The Quiet Revolution Comes to Kentucky: A Case Study in Community Mediation*,
81 Ky. L.J. 855, 926-27 (1993) (the AAA assures the parties of "an independent, reputable
source of out-of-court dispute resolution").  Accordingly, this Court should stay the pending
action and compel Plaintiff to submit his claims to arbitration.

## II.    DEFENDANTS ARE ENTITLED TO RECOVER THEIR REASONABLE COSTS AND ATTORNEYS' FEES INCURRED BECAUSE THEY WERE FORCED TO BRING THIS MOTION TO COMPEL ARBITRATION

Pursuant to the Arbitration Procedure:

> If any party is required to file a lawsuit to compel arbitration
> pursuant to this Policy, or defend against a lawsuit filed in court
> contrary to this Policy's mandatory arbitration provision, such
> party, if successful, shall be entitled to recover his, her or its
> reasonable costs and attorneys' fees incurred in such an action,
> including costs and attorneys' fees . . .

See Arbitration Procedure ¶ B(13), Exhibit "A" to the Kerman Dec.  On June 10,
2005, Diane Windholz, Esq. of Jackson Lewis, contacted counsel for Plaintiff, via facsimile
correspondence, and advised her of Defendants' intention to file this motion.  See Exhibit "C" to
the Kerman Dec.  The parties were unable to resolve this issue.  Accordingly, Defendants
respectfully request that Plaintiff be ordered to pay Defendants' attorneys' fees and costs

incurred as a result of Plaintiff's refusal to abide by the terms of the arbitration agreement to which he voluntarily became a party.

## III.    PLAINTIFF'S CLASS CLAIMS SHOULD BE DISMISSED ON THE ADDITIONAL GROUNDS THAT HE IS AN INADEQUATE CLASS REPRESENTATIVE

Although courts typically only require a minimal showing of a representative class at the early stages of a class action brought under the FLSA, the pending action is an example of an occasion where a plaintiff has failed to make even that minimal showing. Specifically, since Plaintiff has voluntarily agreed to arbitrate his claims, as set forth above, he cannot represent a class of employees in a forum where he has no standing. See., e.g., Chapman v. Lehman Brothers, Inc., 279 F. Supp. 2d 1286 (S.D. Fl. 2003) (dismissing collective action brought under the FLSA and compelling arbitration because the named plaintiff had entered into an arbitration agreement with the defendant); Adkins v. Labor Ready, Inc., 185 F. Supp. 2d 628 (S.D. W. Va. 2001) (dismissing class FLSA and state wage action and ordering the parties to submit their dispute to arbitration because the named plaintiff had executed an arbitration agreement).

Moreover, Plaintiff is an inadequate class representative due to his limited knowledge of the facts at issue in the litigation and his limited interest in the outcome. Specifically, the maximum amount of time Plaintiff is entitled to seek damages is 3 (three) years. 29 U.S.C. §255(a). Since Plaintiff filed this lawsuit on May 20, 2005, he is only entitled to seek damages incurred after May 20, 2002. Plaintiff, however only worked for Defendants until July 2002. See Amended Complaint ¶ 2. Accordingly, Plaintiff would be only entitled to damages for a maximum of two months.[1] Finally, Plaintiff only worked at Morton's of Chicago/Boston

---

[1] Pursuant to 29 U.S.C. §255(a) the statute of limitations is two years, or three years for a willful violation. Since Plaintiff has alleged a willful violation in his complaint, Defendants will assume, for the purposes of this motion

Inc., yet he seeks to represent a national class of employees of more than 60 Morton's of Chicago restaurants. Id. at ¶¶ 2-5. Defendants submit that Plaintiff's knowledge of the issues to be tried is minimal due to the short time frame that he worked at Morton's, the fact that he only worked at one restaurant and the small amount of damages that he would be owed if successful. Accordingly, Plaintiff would not be an adequate representative of a nationwide class due to his limited knowledge and interest in the outcome. Plaintiff's class claims should, therefore, be dismissed for these additional reasons.

## CONCLUSION

Given the parties' unmistakable commitment to resolve claims through arbitration, it is evident that Plaintiff's claims cannot be litigated in this Court. Accordingly, Plaintiff's claims must be referred to arbitration in accordance with the rules of the American Arbitration Association. Moreover, since Plaintiff refused to voluntarily dismiss the action he should be liable for Defendants' attorney's fees and costs associated with this motion. Finally, Plaintiff's class claims should be dismissed because he is an inadequate class representative.

WHEREFORE, Defendants respectfully request that the Court enter an Order: (i) compelling arbitration of any and all disputes between Plaintiff and Defendants; (ii) granting Defendants attorneys' fees and costs; (iii) dismissing Plaintiff's class claims; and (iv) granting such other and further relief as this Court deems just and proper.

---

only, that the statute of limitations is three years. However, Defendants assert that ultimately Plaintiff will not be able to establish a willful violation and, therefore, Plaintiff's claims are time barred.

Respectfully submitted,


MORTON'S RESTAURANT GROUP, INC.
AND MORTON'S OF CHICAGO INC.

By their attorneys,

/s/ David J. Kerman
David J. Kerman (BBO #269370)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025; (617) 367-2155 (fax)


Elise M. Bloom, *pro hac vice pending*
Diane Windholz, *pro hac vice pending*
JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
Dated: June 20, 2005                          (212) 545-4000