UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
------------------------------------------------x
MARK JOHNSON, on behalf of himself and          :
all others similarly situated,                  :
                                                :
                          Plaintiffs,           :
                                                :
          -against-                             :
                                                :   Civil Action No.: 05-11058-MLW
MORTON'S RESTAURANT GROUP,                      :
INC., and MORTON'S OF CHICAGO, INC.             :
                                                :
                          Defendant.            :
                                                :
------------------------------------------------x
```

## DEFENDANTS' MOTION FOR LEAVE TO FILE REPLY AND SUPPORTING DECLARATION TO ADDRESS PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

Defendants, Morton's Restaurant Group, Inc. and Morton's of Chicago, Inc., move for leave to file a Reply of seven pages and a supporting Declaration to address Plaintiff's response to Defendants' motion to compel arbitration.

Defendants' motion for leave is prompted by the need to address three distinct errors of fact contained in Plaintiff's response to Defendants' motion to compel arbitration and to assist the Court in reaching its ruling on the issues presented.  First, Plaintiff's counsel erroneously represents that she did not receive electronic notification of the motion to compel arbitration. Second, Plaintiff erroneously represents that at the time Defendants filed the motion to compel arbitration, Plaintiff had not given an answer as to whether he would consent to or oppose the motion.  Finally, Plaintiff misrepresents that the reason he did not know whether to oppose the motion or not was because he attempted to ascertain whether Defendants would agree to pay the arbitration filing fee.

For the Court's convenience, the proposed Reply and Declaration are attached hereto as Exhibits A and B respectively.

WHEREFORE, Defendants respectfully move for leave to file the attached Defendants' Reply To Plaintiff's Response To Defendants' Motion To Compel Arbitration and the attached Declaration Of Diane Windholz In Support Of Defendants' Reply To Plaintiff's Response To Defendants' Motion To Compel Arbitration.

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Defendants certify that they, through Diane Windholz, conferred with Plaintiff's counsel, Stephen Young, on July 27, 2005, regarding the filing of this Motion For Leave To File Reply And Supporting Declaration Responding To Plaintiff's Response To Defendants' Motion To Compel Arbitration.  Plaintiff's counsel indicated that Plaintiff would not assent to the granting of this motion.

2

Respectfully submitted,

MORTON'S RESTAURANT GROUP, INC.
and MORTON'S OF CHICAGO, INC.

By their attorneys,

/s/ David J. Kerman
David J. Kerman (BBO #269370)
JACKSON LEWIS LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025; (617) 367-2155 (fax)

Elise M. Bloom, *pro hac vice pending*
Diane Windholz, *pro hac vice pending*
JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

Dated: July 28, 2005

# **EXHIBIT A**

<div align="center">

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

</div>

```
-----------------------------------------------------x
MARK JOHNSON, on behalf of himself and
all others similarly situated,

                              Plaintiffs,

              -against-

MORTON'S RESTAURANT GROUP,
INC., and MORTON'S OF CHICAGO, INC.

                              Defendant.
-----------------------------------------------------x
```

Civil Action No.: 05-11058-MLW

**PROPOSED REPLY**

<div align="center">

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'**
**MOTION TO COMPEL ARBITRATION**

</div>

Defendants, Morton's Restaurant Group, Inc. and Morton's of Chicago/Boston, Inc. (incorrectly identified as Morton's of Chicago, Inc. (hereinafter referred to as "Defendants")), respectfully submit this Reply to Plaintiff's Response to Defendants' Motion to Compel Arbitration. Although Plaintiff represents that he does not oppose Defendants' motion to compel arbitration, his response contains a number of erroneous statements which may impact Defendants' request for fees.

First, Plaintiff's counsel erroneously represents that she did not receive electronic notification of the motion to compel arbitration. Second, Plaintiff erroneously represents that at the time Defendants filed the motion to compel arbitration, Plaintiff had not given an answer as to whether he would consent to or oppose the motion. Finally, Plaintiff misrepresents that the reason he did not know whether to oppose the motion or not was because he attempted to

ascertain whether Defendants would agree to pay the arbitration filing fee. Each of these representations is erroneous.

## PROCEDURAL HISTORY[1]

On June 10, 2005, Defendants faxed a letter to Plaintiff's counsel attempting to confer regarding the filing of the motion to compel arbitration. (Windholz Declaration, Para. 3). Defendants asked that Plaintiff respond by June 13, 2005. (Id.) Plaintiff did not contact Defendants. (Id.) On June 16, defense counsel telephoned Plaintiff's counsel to learn his position regarding the motion. (Windholz Declaration, Para. 4). Plaintiff's counsel advised Defendants that Plaintiff did not know what position he intended to take. (Id.) Defense counsel expressly advised Plaintiff that Defendants would indicate that in their motion to compel arbitration. (Id.) On June 20, 2005, Defendants electronically filed their motion to compel arbitration. (Windholz Declaration, Para. 5). On July 5, Plaintiff filed a Demand for Arbitration with the American Arbitration Association, on behalf of himself and of a nationwide class of all those similarly situated, based on precisely the same allegations raised in this action. (Windholz Declaration, Para. 7).

### A.    Plaintiff Received Electronic Notification of the Motion to Compel Arbitration.

On June 20, 2005, Defendants electronically filed their motion to compel arbitration. (Windholz Declaration, Para. 5). Plaintiff's response to the motion was due by July 5, 2005. Plaintiff did not file or serve any opposition to the motion by that date. Instead, on July 5, Plaintiff filed the above referenced Demand for Arbitration. (A copy of the Demand for

---

[1] Paragraphs of the Declaration of Diane Windholz submitted in support of Defendants' proposed Reply are referred to herein as "Windholz Declaration."

Arbitration is attached as Exhibit "B" to the Windholz Declaration). On July 26, 2005, twenty days late, Plaintiff's counsel electronically filed Plaintiff's Response to Defendants' Motion to Compel Arbitration (hereafter "Plaintiff's Response").  In his Response, Plaintiff states that the "response is being filed late because Plaintiff's counsel only become aware of the filing of the motion last week."  Plaintiff's counsel states that she did not receive the papers through electronic notification. (Plaintiff's Response, p. 1, n.1).  Defendants respectfully submit that this representation is false.

Plaintiff's counsel, Shannon Liss-Riordan is registered as a filing user in the Electronic Case Files ("ECF") system, with her name and e-mail address specifically identified as the Lead Attorney to be noticed.  On June 20, 2005, at approximately 4:01 p.m., the Court's ECF system automatically generated and sent a Notice of Electronic Filing to Ms. Liss-Riordan and another individual at Ms. Liss-Riordan's firm with the e-mail address of mrex@prle.com, reflecting the filing of the motion to compel arbitration.  (A copy of the Notice of Electronic Filing for the motion to compel arbitration filed on June 20, 2005 is attached as Exhibit "A" to the Windholz Declaration).   Section E(2) of the Electronic Case Filing Administrative Procedures provides that transmission of the Notice of Electronic Filing "shall constitute service of the filed document…"

By letter dated July 20, 2005, Plaintiff's counsel advised Defendants that she was unaware until July 17 that Defendants had filed a motion to compel arbitration.  (A copy of Plaintiff's July 20th correspondence is attached as Exhibit "C" to the Windholz Declaration). That same date, Defendants responded with a letter enclosing a copy of the Notice of Electronic Filing which reflected Ms. Liss-Riordan as a recipient.  (A copy of Defendants' July 20th

-3-

correspondence to Plaintiff is attached as Exhibit "D" to the Windholz Declaration). Plaintiff's claim, therefore, that she did not receive the Notice of Electronic Filing is simply untrue.

Moreover, Plaintiff's counsel's purported lack of knowledge regarding the filing of the motion to compel is belied by defense counsel's telephone conversation with Ms. Liss-Riordan's co-counsel Stephen Young. On July 12th, defense counsel spoke with Mr. Young. (Windholz Declaration, Para. 8). At that time, Mr. Young explained that Plaintiff had filed a demand for arbitration with the American Arbitration Association because he was uncertain about the outcome of the motion to compel arbitration. (Windholz Declaration, Para. 8).

**B.     Plaintiff Affirmatively Stated That He Did Not Know What Position He Was Taking With Regard to Defendants' Motion to Compel Arbitration.**

Plaintiff's counsel states that at the time Defendants filed their motion to compel arbitration, Defendants "began the process of conferring regarding the filing of this motion" but "at the time it was filed Plaintiff had not yet given an answer as to whether he would consent to or oppose the motion. On June 10, 2005, Defendants faxed a letter to Plaintiff's counsel attempting to confer regarding the filing of the motion to compel arbitration. Defendants asked that Plaintiff respond by June 13, 2005. Plaintiff did not contact Defendants. On June 16, after defense counsel telephoned Plaintiff's counsel to learn his position regarding the motion, Mr. Young advised Defendants that Plaintiff did not know what position they intended to take. (Windholz Declaration, Para. 4). Defense counsel expressly advised Mr. Young that Defendants would indicate that in their motion to compel arbitration. (Id.) Consequently, Plaintiff gave an answer, the "answer" was it did not know.

-4-

C.    **Plaintiff's Late Response to the Motion to Compel Arbitration is Unrelated to the Filing of His Demand for Arbitration**.

Plaintiff claims that he "attempted to ascertain whether the Defendants would agree to pay the arbitration filing fee <u>before</u> deciding whether to oppose this motion or not, and did not know the answer to this question until his counsel saw the motion papers just last week." (Plaintiff's Response, p. 1, n.1). Defendants respectfully submit that this is yet another distortion of the true facts and entirely inconsistent with Plaintiff's prior representations.

Plaintiff asked whether Defendants would pay the filing fee before he ever allegedly was aware of the motion to compel arbitration. Plaintiff's counsel previously represented in her letter dated July 20, 2005 that she was unaware until Sunday, July 17 that Defendants had filed a motion to compel arbitration. (Windholz Declaration, Para. 11). Yet, during defense counsel's telephone conversation with Mr. Young on July 12, Plaintiff asked whether Defendants would agree to pay the greater AAA filing fee associated with class or collective actions.[2] (Windholz Declaration, Para. 9). Plaintiff's counsel therefore inquired about Defendants' willingness to pay the AAA filing fee **five days before** Plaintiff's counsel purportedly ever became aware of the motion to compel arbitration.

Further, Plaintiff's claim that he did not know the answer to the question of whether Defendants would pay the AAA filing fee until he saw the motion papers is nonsensical. There is nothing in Defendants' motion to compel arbitration concerning Defendants' position regarding payment of the AAA class or collective action filing fee.

Finally, Plaintiff's July 12th communication with Defendants regarding the AAA filing fee was wholly unrelated to the motion to compel arbitration. In fact, Mr. Young explained

---

[2] There is a $3,250 fee required for filing a matter with the AAA as a class or collective action.

to defense counsel that the AAA had contacted Plaintiff's counsel's office inquiring about payment and had indicated they would dismiss the matter by Friday, July 15 if the filing fee was not received. (Windholz Declaration, Para. 10).

Contrary to Plaintiff's representation, fees and costs are warranted because Plaintiff did not have "a good faith reason" to commence this action.  As explained in Defendants' motion to compel arbitration, Defendants advised Plaintiff of their intent to file the motion ten days before they actually filed the motion.  Plaintiff did not at any time during that ten day period ask Defendants if they would pay the AAA filing fee.  Over one month after Defendants advised Plaintiff of their intent to file a motion to compel arbitration Plaintiff asked for the first time whether Defendants would pay the AAA filing fee.  Certainly, if Plaintiff was undecided about whether to oppose the motion to compel based on the payment of the AAA filing fee it was incumbent upon Plaintiff to make that inquiry before July 12.

## CONCLUSION

Accordingly, Defendants respectfully request that their request for fees and costs associated with the filing of the motion to compel be granted.

Respectfully submitted,

MORTON'S RESTAURANT GROUP, INC.
AND MORTON'S OF CHICAGO, INC.

By their attorneys,

_____
David J. Kerman (BBO #269370)
Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025; (617) 367-2155 (fax)

Elise M. Bloom, *pro hac vice pending*
Diane Windholz, *pro hac vice pending*
JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
(212) 545-4000

Dated: July 28, 2005

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x

MARK JOHNSON, on behalf of himself and
all others similarly situated,

                       Plaintiffs,

        -against-

MORTON'S RESTAURANT GROUP,
INC., and MORTON'S OF CHICAGO, INC.

                Defendant.

------------------------------------------------------------x

Civil Action No.: 05-11058-MLW

**PROPOSED DECLARATION**

## DECLARATION OF DIANE WINDHOLZ IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

DIANE WINDHOLZ, being duly sworn, deposes and states, as follows:

1.     I am a member of the law firm Jackson Lewis LLP, counsel for Defendants. The following statements are true based upon my own knowledge, review of pertinent documents, and information and belief.

2.     I submit this Declaration in support of Defendants' Reply to Plaintiff's Response to Defendants' Motion to Compel Arbitration.

3.     On June 10, 2005, Defendants faxed a letter to Plaintiff's counsel attempting to confer regarding the filing of the motion to compel arbitration. Defendants asked that Plaintiff respond by June 13, 2005. Plaintiff did not contact Defendants.

4.      On June 16, 2005, after defense counsel telephoned Plaintiff's counsel to learn his position regarding the motion, Ms. Liss-Riordan's co-counsel, Stephen Young, advised Defendants that Plaintiff did not know what position they intended to take.  Defense counsel expressly advised Mr. Young that Defendants would indicate that in their motion to compel arbitration.

5.      On June 20, 2005, Defendants electronically filed their motion to compel arbitration.

6.      On June 20, 2005, at approximately 4:01 p.m., the Court's ECF system automatically generated and sent a Notice of Electronic Filing to Ms. Liss-Riordan and another individual at Ms. Liss-Riordan's firm with the e-mail address of mrex@prle.com, reflecting the filing of the motion to compel arbitration.  (A copy of the Notice of Electronic Filing for the motion to compel arbitration filed on June 20, 2005 is attached as Exhibit "A.").

7.      On July 5, 2005, Plaintiff filed a Demand for Arbitration with the American Arbitration Association, on behalf of himself and of a nationwide class of all those similarly situated, based on precisely the same allegations raised in this action. (A copy of the Demand for Arbitration is attached as Exhibit "B.").

8.      On July 12, 2005, defense counsel spoke with Mr. Young.  At that time, Mr. Young explained that Plaintiff had filed a demand for arbitration with the American Arbitration Association because he was uncertain about the outcome of the motion to compel arbitration.

2

9.    During defense counsel's telephone conversation with Mr. Young on July 12, Plaintiff asked whether Defendants would agree to pay the greater AAA filing fee associated with class or collective actions.

10.    Mr. Young explained to defense counsel that the AAA had contacted Plaintiff's counsel's office inquiring about payment and had indicated they would dismiss the matter by Friday, July 15 if the filing fee was not received.

11.    By letter dated July 20, 2005, Plaintiff's counsel advised Defendants that she was unaware until July 17 that Defendants had filed a motion to compel arbitration.  (A copy of Plaintiff's July 20th correspondence is attached as Exhibit "C.").

12.    That same date, Defendants responded with a letter enclosing a copy of the Notice of Electronic Filing which reflected Ms. Liss-Riordan as a recipient.  (A copy of Defendants' July 20th correspondence to Plaintiff is attached as Exhibit "D.").

I declare under the penalty of perjury that the foregoing is true and correct.  Executed on July 28, 2005.

_____

DIANE WINDHOLZ

3

# **EXHIBIT A**

## Windholz, Diane (NYC)

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, June 20, 2005 4:01 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Motion to Compel" |

```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:00 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 9
Copy the URL address from the line below into the location bar of your Web browser to view
the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?9,98180,,20413541,

Docket Text:
  MOTION to Compel <I>Arbitration and to Stay Further Proceedings, for Fees and Costs
and/or to Dismiss Plaintiff's Class Claims</I> by Morton's Restaurant Group, Inc..(Kerman,
David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021155-0]
[248e52e08cf66f0f567732f3a571321e84646ba3c8aadc2f3318c25da7a1510f7f20348da5126819d36741ba6
ec92feea2fb4bcd9c75bea9775ff5509ea42190]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                              kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                      sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:
```

# **EXHIBIT B**

# AMERICAN ARBITRATION ASSOCIATION
## LABOR ARBITRATION RULES
### DEMAND FOR ARBITRATION

MEDIATION: Please consult the AAA regarding mediation procedures. If you want the AAA to contact the other party and attempt to arrange a mediation, please mark an "X" here _____.

Date: __July 5, 2005_____

To: Name __Morton's Restaurant Group, Inc. and Morton's of Chicago, Inc.__
<div align="center">(of the Party on Whom the Demand is Made)</div>

      Address __The Corporation Trust Company_____
      City and State __Wilmington, DE__ ZIP Code __19801__
      Telephone ( ) _____ Fax ( ) _____
      Name of Representative __Diane Windholz, Esq., and Elise Bloom__, Esq.
<div align="center">(if known)</div>
      Name of Firm (if Applicable) __Jackson Lewis, LLP__
      Representative's Address __59 Maiden Lane__
      City and State __New York, NY__ ZIP Code __10038__
      Telephone __(212) 545-4000__ Fax (212) __972-3212__

The named claimant, a party to an arbitration agreement contained in a written contract, dated_____ and providing for arbitration under the Labor Arbitration Rules of the American Arbitration Association, hereby demands arbitration thereunder. (Attach the arbitration clause or quote it hereunder.)

NATURE OF DISPUTE____ __see attached_____

CLAIM OR RELIEF SOUGHT (amount, if any): __see attached_____ .

HEARING LOCALE REQUESTED: __Boston, MA_____
<div align="center">(City and State)</div>

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its __RI__ office, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within ten days after notice from the administrator.

Signed _Shannon Liss-Riordan /SY_ Title __Attorney_____
<div align="center">(May be Signed by a Representative)</div>
Name of Claimant __Mark Johnson and all others similarly situated__

Address _____
<div align="center">(to Be Used in Connection with this Case)</div>

      City and State _____ ZIP Code _____
      Telephone ( ) _____ Fax ( ) _____
      Name of Representative __Shannon Liss-Riordan, Esq., Pyle, Rome, Lichten,__
      Representative's Address __Ehrenberg & Liss-Riordan, P.C., 18__ Tremont St.
      City and State __Boston, MA__ ZIP Code __02108__
      Telephone __(617) 367-7200__ Fax (617 )367-4820__

To institute proceedings, please send three copies of this demand and the arbitration agreement, with the filing fee as provided in the rules, to the AAA. Send the original demand to the respondent.

LF-03

The name of the grievant

Mark Johnson, on behalf of himself and of a nationwide class of all others similarly situated

The nature of the dispute

Unlawful retention of a portion of server tips and customer service charges, unlawful mandatory distribution of a portion of server tips and customer service charges to managers and other employees, and unlawful failure to pay grievant and those similarly situated the minimum wage (due to employer's failure to qualify for the "tip credit" against the minimum wage).

The claim or relief sought

Restitution for all tips and service charges unlawfully taken away from grievant and those similarly situated, restitution for unpaid portion of minimum wage, statutory enhancement of all damages (as allowed for by law), attorneys' fees and costs, and any other relief to which the aggrieved employee and those similarly situated may be entitled.

# EXHIBIT C




**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**
Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Kathrine D. Shea

Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault

----------

Telephone (617) 367-7200
Fax (617) 367-4820

Tod A. Cochran
OF COUNSEL

*Also admitted in Maine
**Also admitted in New York

July 20, 2005

***VIA FIRST CLASS MAIL AND ELECTRONIC MAIL***
Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502

     Re:   *Mark Johnson et al. v. Morton's Restaurant Group, Inc. and Morton's of Chicago, Inc.*, C.A. No. 05-11058

Dear Diane:

As we discussed yesterday on the phone, I was not aware until I saw your e-mail on Sunday that you had filed on behalf of Morton's a Motion to Compel Arbitration and an opposition to the plaintiff's Motion to Facilitate § 216(b) Notice. I had my assistant double-check the file and my incoming mail, and she was not able to find these documents in our office. I saw the documents for the first time yesterday, which my assistant printed off the court's online system and forwarded to me. I realized upon seeing them that the reason they had never come to my attention is that they were indeed not served. None of the documents that you filed on June 20, 2005, include a certificate of service.

As I mentioned to you, I was aware that you were considering filing a Motion to Compel Arbitration because you conferred with my associate, Stephen Young, about it. However, I do not recall that we ever gave you an answer as to whether we would assent to or oppose the motion. I thus assumed that you had decided to wait to file the motion until you knew whether we would in fact oppose it.

As Steve and I have both discussed with you, we have been considering agreeing to have this case arbitrated if Morton's will agree to pay the bulk of the AAA filing fee as it is required to do. (In our discussion, you told me that you did

74

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

not know whether your client would agree to this and did not know when you would have a response for me.) Now that I have seen your papers which include your acknowledgment that "Morton's will bear virtually all the costs of the arbitration" (page 6 of Defendants' Memorandum in Support of Their Motion to Compel Arbitration), we will assent to arbitration of this case.

I understand that Morton's has not yet paid the $3,100 to the AAA that it owes for the initial filing fee. Please have your client pay this fee promptly, so that we may begin the arbitration proceeding for this case.

Alternatively, as we discussed, we would be willing to have this case consolidated with the *Esposito* matter if that is administratively feasible, which would save Morton's substantially in arbitration fees. The counts raised in *Esposito* and in *Johnson* would then proceed in the same arbitration, but as separate counts.

As a final note, you indicated concern that there is not an attorney in my office whom you can contact about this case. As I told you, although I am on maternity leave, I am most easily accessible by e-mail and can be available to talk by phone when necessary. Stephen Young is also available; although he is out of the office this week, he is checking and responding to messages and e-mail. You may also reach me this summer while I am out on leave by leaving a message with my assistant Vivian with whom I am in frequent contact.

I look forward to hearing how your client would prefer to proceed in the arbitration of this case – by consolidation with *Esposito* or as a separate case, in which case I expect it will pay its share of the AAA filing fee promptly.

Sincerely,

Shannon Liss-Riordan /vyo

Shannon Liss-Riordan

74

# **EXHIBIT D**

Representing Management Exclusively in Workplace Law and Related Litigation

# jackson|lewis
Attorneys at Law

| | | | |
|---|---|---|---|
| **Jackson Lewis LLP** | ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| **59 Maiden Lane** | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| **New York, New York 10038** | CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| | DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| **Tel 212 545-4000** | GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| **Fax 212 972-3213** | HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
| **www.jacksonlewis.com** | LONG ISLAND, NY | PITTSBURGH, PA | |

DIRECT DIAL: (212) 545-4028
E-MAIL ADDRESS: WINDHOLD@JACKSONLEWIS.COM

July 20, 2005

**VIA  FACSIMILE AND E-MAIL**

Shannon Liss-Riordan, Esq.
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont Street, 5<sup>th</sup> Floor
Boston, Massachusetts  02108

Re:    Johnson v. Morton's Restaurant Group
       Civil Action No. 05-11057(MLW)

Dear Ms. Liss-Riordan:

I am writing in response to the letter you e-mailed to me earlier today representing that you were not aware until this past Sunday that Defendants had filed a motion to compel arbitration and opposition to Plaintiff's motion to facilitate §216(b) notice.  You explain in your letter that your assistant retrieved the documents from the court's online system and, upon your review, you "discovered" that they were not served and they did not include a certificate of service.  Frankly, I am astonished and troubled by your representation that Plaintiff was not served with the documents filed with the Court on June 20, 2005.  The documents at issue were all electronically filed with the Court on June 20, 2005.  You have registered as a filing user in the Electronic Case Files ("ECF") system, with your name and e-mail address specifically identified as the Lead Attorney to be noticed.  On June 20, 2005, at about 4:20 p.m., the Court's ECF system automatically generated and sent a Notice of Electronic Filing to you and to another individual at your firm with the e-mail address of mrex@prle.com.  (Copies of the Notice of Electronic Filing for each of the documents filed on June 20, 2005 are enclosed.)  As I am certain you are aware, Section E (2) of the Electronic Case Filing Administrative Procedures provides that transmission of the Notice of Electronic Filing "shall constitute service of the filed document…" and "[a] certificate of service is not necessary on electronically filed documents."  Consequently, if, in fact, neither you nor anyone else in your office was aware that these



Shannon Liss-Riordan, Esq
Pyle, Rome, Lichten & Ehrenberg, P.C.
July 20, 2005
Page 2

documents were filed on June 20<sup>th</sup> then my concern about communication difficulties in this case is only further confirmed.

Very truly yours,

JACKSON LEWIS LLP

Diane Windholz

DW:ra
cc:    Elise M. Bloom, Esq.



Shannon Liss-Riordan, Esq
Pyle, Rome, Lichten & Ehrenberg, P.C.
July 20, 2005
Page 2

documents were filed on June 20th then my concern about communication difficulties in this case is only further confirmed.

Very truly yours,

JACKSON LEWIS LLP

Diane Windholz

DW:ra
cc:    Elise M. Bloom, Esq.

**Windholz, Diane (NYC)**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, June 20, 2005 4:01 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Motion to Compel" |

```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:00 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 9
Copy the URL address from the line below into the location bar of your Web browser to view
the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?9,98180,,20413541,

Docket Text:
   MOTION to Compel <I>Arbitration and to Stay Further Proceedings, for Fees and Costs
and/or to Dismiss Plaintiff's Class Claims</I> by Morton's Restaurant Group, Inc..(Kerman,
David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021155-0]
[248e52e08cf66f0f567732f3a571321e84646ba3c8aadc2f3318c25da7a1510f7f20348da5126819d36741ba6
ec92feea2fb4bcd9c75bea9775ff5509ea42190]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                      kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                              sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:
```

**Windholz, Diane (NYC)**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, June 20, 2005 4:03 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Memorandum in Support of Motion" |

```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:02 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 10
Copy the URL address from the line below into the location bar of your Web browser to view
the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?10,98180,,51833371,

Docket Text:
  MEMORANDUM in Support re [9] MOTION to Compel <I>Arbitration and to Stay Further
Proceedings, for Fees and Costs and/or to Dismiss Plaintiff's Class Claims</I> filed by
Morton's Restaurant Group, Inc.. (Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021160-0]
[2c6bf536788ce4a8a37ed880a49698abbe5c63148b2d3807626765259d8ad5d71e8cd5b128aab78c1c65f140a
63c31cb3716397d3f90376ae2b11a615389e1b2]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                          kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                  sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:
```

**Windholz, Diane (NYC)**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, June 20, 2005 4:05 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Affidavit in Support of Motion" |

```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:05 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 11
Copy the URL address from the line below into the location bar of your Web browser to view
the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?11,98180,,6647349,

Docket Text:
    AFFIDAVIT in Support re [9] MOTION to Compel <I>Arbitration and to Stay Further
Proceedings, for Fees and Costs and/or to Dismiss Plaintiff's Class Claims</I> filed by
Morton's Restaurant Group, Inc.. (Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021177-0]
[617d67330744d28a121e9921f4d4cfe558e2135b5de99a80fd4a31946db4314fa83d6b4f80f9c6eb70dd5b742
7287bf47163707a5e920dd32d5a434e74f80b87]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                          kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                  sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:
```

**Windholz, Diane (NYC)**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, June 20, 2005 4:20 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Opposition to Motion" |

```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:19 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 12
Copy the URL address from the line below into the location bar of your Web browser to view
the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?12,98180,,9635949,

Docket Text:
 Opposition re [4] MOTION to Facilitate Sec. 216(b) Notice filed by Morton's Restaurant
Group, Inc.. (Attachments: # (1) Exhibit)(Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021261-0]
[6a049b78675ef13223aed51103f46abale3713ae4b7ffaeb6f5cf74113c54353f79a86994db8d3b1a50a3355f
bb74e4792143ed5910021f2df5fc833ce995d9b]]
Document description: Exhibit
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021261-1]
[228483083193483d7280f2c93779c226d124c431f1bfd00cbceb865e4c433cefb4105912dc0ec5b4481c97cf7
b5abfb4ed4f982ad8e641884001dfc5d7c37ae6]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                      kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                              sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:
```

**Windholz, Diane (NYC)**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, June 20, 2005 4:21 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Affidavit in Opposition to Motion" |

```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:21 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180
\
Document Number: 13
Copy the URL address from the line below into the location bar of your Web browser to view
the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?13,98180,,90740063,

Docket Text:
  AFFIDAVIT of David J. Kerman in Opposition re [4] MOTION to Facilitate Sec. 216(b)
Notice filed by Morton's Restaurant Group, Inc.. (Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021271-0]
[14454f50341288193d3c5f2c00b6e6dd3a145da9dc1e73e2d18aa9838b6d59bf03085a682501c337276644823
f541e579654db0d3918b0b325549e7803a503e2]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                        kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:
```

**Windholz, Diane (NYC)**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, June 20, 2005 4:23 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Affidavit in Opposition to Motion" |


```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:22 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 14
Copy the URL address from the line below into the location bar of your Web browser to view
the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?14,98180,,25563777,

Docket Text:
  AFFIDAVIT of Janet Hoffmann in Opposition re [4] MOTION to Facilitate Sec. 216(b) Notice
filed by Morton's Restaurant Group, Inc.. (Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021278-0]
[c9689a82d0be7aaac34325bfc9a14bd1c59c07a296c08e56d189932d235f10d8c0fb1e4283e180f24b25b0805
ae26ecc978077188dc27a12160a7aa3b5c2e312]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                  kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                          sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:
```