## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

------------------------------------------------------x

MARK JOHNSON, on behalf of himself and
all others similarly situated,

                        Plaintiffs,

        -against-
                                  Civil Action No.: 05 11058 MLW

MORTON'S RESTAURANT GROUP,
INC., and MORTON'S OF CHICAGO, INC.

                        Defendant.

------------------------------------------------------x

## DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR
## MOTION FOR ATTORNEYS' FEES

        Defendants, Morton's Restaurant Group, Inc. and Morton's of Chicago/Boston, Inc. (incorrectly identified as Morton's of Chicago, Inc. (hereinafter referred to as "Defendants" or "Morton's")), have moved for an Order Awarding Attorneys' Fees to Defendants.  This Memorandum and the Declaration of Diane Windholz in Support of Defendants' Motion for Attorneys' Fees are filed in support of that motion.

### UNDISPUTED FACTS

        1.     Plaintiffs brought this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et  seq.  The conduct alleged in this action arises solely from Plaintiff's employment with Defendant Morton's of Chicago/Boston, Inc.

        2.     As a condition of his employment with Morton's of Chicago/Boston, Inc., Plaintiff signed an agreement with Morton's of Chicago/Boston, Inc. in which he agreed to submit to arbitration all disputes arising out of his employment with Morton's of Chicago/Boston, Inc.  See Morton's Mandatory Arbitration Policy and Procedure for Resolving

Disputes Arising out of the Employee's Employment or Termination of Employment and Plaintiff's Receipt for Mandatory Arbitration Procedure for Resolving Disputes Arising out of the Employees' Employment or Termination of Employment (the "Receipt") attached as Exhibits "A" and "B," respectively, to the Windholz Declaration.

3.    On June 10, 2005, Diane Windholz, Esq. of Jackson Lewis, contacted counsel for Plaintiff, via facsimile correspondence, and advised her of Defendants' intention to file a Motion to Compel Arbitration. A copy of Defendants' June 10, 2005 letter to Plaintiff's counsel is attached as Exhibit "C" to the Windholz Declaration.

4.    On June 16, 2005 counsel for Plaintiff and Defendants spoke about the motion, but Plaintiff could not state what position he intended to take. Consequently, on June 20, 2005, Defendants filed their Motion to Compel Arbitration and Incorporated Memorandum of Law.

5.    On June 20, 2005, at about 4:20 p.m., the Court's ECF system automatically generated and sent a Notice of Electronic Filing to Ms. Liss-Riordan and another individual at Ms. Liss-Riordan's firm with the e-mail address of mrex@prle.com, reflecting the filing of the Motion to Compel Arbitration. A copy of the Notice of Electronic Filing for the Motion to Compel Arbitration filed on June 20, 2005 is attached as Exhibit "D" to the Windholz Declaration.

6.    On July 5, 2005, Plaintiff filed with the American Arbitration Association a Demand for Arbitration of Mark Johnson, on behalf of himself and of a nationwide class of all those similarly situated. A copy of Plaintiff's Demand for Arbitration is attached as Exhibit "E"

to the Windholz Declaration.[1]

       7.    On July 12, 2005, defense counsel spoke with Plaintiff's co-counsel, Stephen Young.  At that time, Mr. Young explained that Plaintiff had filed a demand for arbitration with the American Arbitration Association because he was uncertain about the outcome of the Motion to Compel Arbitration.

       8.    On July 26, 2005, Plaintiff filed a response to the Motion to Compel Arbitration in which he agreed to submit his claim to arbitration.

       9.    By signing the Receipt (referenced in paragraph 2 above and attached as Exhibit "B" to the Windholz Declaration), Plaintiff is contractually bound to the terms and conditions set forth in the Arbitration Agreement, which is attached as Exhibit "A" to the Windholz Declaration.

       10.    In particular, Plaintiff is contractually bound to paragraph B.13 in the Arbitration Agreement, titled "Attorneys' Fees to Compel Arbitration," which provides:

> If any party is required to file a lawsuit to compel arbitration pursuant to this Policy, or defend against a lawsuit filed in court contrary to this Policy's mandatory arbitration provision, such party, if successful, shall be entitled to recover his, her or its reasonable costs and attorneys' fees incurred in such an action, including costs and attorneys' fees incurred in any appeal.

Exhibit "A" to the Windholz Declaration, ¶ B.13.

---

[1] Significantly, Plaintiff's counsel in this case also represented the plaintiffs in the matter  of <u>Melanie Oliveira et al. v. Morton's of Chicago/Boston,Inc.,</u> a case filed in or about May 2002 in Massachusetts Superior Court based on the same arbitration agreement at issue in this case and alleging the same facts. After Defendant in that case filed a motion to compel arbitration, the plaintiffs agreed to arbitrate their claims.

11.    Accordingly, pursuant to paragraph B.13 in the Arbitration Procedure, Defendants are entitled to an award of attorneys' fees for having to file a motion to compel arbitration in response to a lawsuit that Plaintiff essentially concedes is subject to the parties' mandatory arbitration procedures.

## PRELIMINARY STATEMENT

### A.    Procedural History

On or about May 20, 2005, Plaintiff, Mark Johnson (hereafter "Plaintiff"), filed the instant action on behalf of himself and others, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") against Defendant Morton's Restaurant Group, Inc.  On or about June 2, 2005, Plaintiff filed a First Amended Complaint to add Morton's of Chicago, Inc. as a Defendant.

### B.    The Arbitration Agreement

As a condition of his employment with Morton's, Plaintiff signed a "Receipt for Mandatory Arbitration Policy and Procedure for Resolving Disputes Arising out of the Employee's Employment or Termination of Employment."  See Plaintiff's Receipt attached as Exhibit "B" to the Windholz Declaration.   Through the Receipt, Plaintiff acknowledged that he received a copy of Defendants' Arbitration Agreement, and agreed to abide by the Arbitration Agreement and the provisions contained therein.  The Arbitration Agreement expressly provides:

> In the event of any dispute, claim, or controversy including, but not limited to, any dispute, claim, or controversy seeking compensatory and/or punitive damages ("claims") arising out of any Employee's employment or the cessation of such employment with Morton's of Chicago/Boston, Inc. ("Morton's"), any such claims shall be submitted to final and binding arbitration.  Such claims include . . . the Fair Labor Standards Act[.]

-4-

Exhibit "A" ¶ 1. In signing the Receipt, Plaintiff agreed to submit his disputes and claims to arbitration. Moreover, in signing the Receipt, Plaintiff is contractually bound to the terms and conditions of the Arbitration Agreement and, in particular, paragraph B.13, which provides for the award of attorneys' fees if a party is required to file a motion to compel arbitration and the motion is subsequently granted by the court. In filing his Complaint with this Court, however, Plaintiff attempted to circumvent the provisions of the Arbitration Agreement to which he is contractually bound and, in so doing, has unnecessarily burdened Defendants and this Court.

### C.    Plaintiff's Refusal To Abide By The Terms Of The Arbitration Agreement

Notably, defense counsel contacted Plaintiff's counsel and sought her concurrence in submission of this case to arbitration, consistent with the Arbitration Agreement. On June 10, 2005, defense counsel wrote to Plaintiff's counsel, asking whether Plaintiff consented to arbitration. (See Exhibit "C" attached to the Windholz Declaration) On June 16, 2005, defense counsel spoke with Plaintiff's counsel to inquire about Plaintiff's response. At that time, Plaintiff's counsel indicated that Plaintiff could not state what position he intended to take with regard to the Motion to Compel Arbitration. As a result, on June 20, 2005, defense counsel filed a Motion to Compel Arbitration. Plaintiff's opposition to Defendants' motion was due by July 5, 2005. Plaintiff did not oppose Defendants' motion until July 26, 2005, three weeks after the time for his opposition lapsed. In his response, Plaintiff agreed to submit his claim to arbitration.

On July 5, 2005, Plaintiff filed with the American Arbitration Association a demand for arbitration on behalf of himself and of a nationwide class of all those similarly situated.

Defendants submit that Plaintiff's counsel's failure to dismiss the action before Defendants filed their Motion to Compel Arbitration is particularly recalcitrant because she has (1) filed another lawsuit against Morton's of Chicago/Boston, Inc. in Massachusetts Superior Court in which she agreed to dismiss the action when presented with a motion to compel arbitration; and (2) filed over half a dozen other demands for arbitration against Morton's of Chicago/Boston, Inc. Based on the foregoing, the Court should award attorneys' fees pursuant to paragraph B.13 of the Arbitration Agreement, to which the parties are contractually bound.

## LEGAL ARGUMENT

### A.    Massachusetts Law Controls On The Interpretation Of The Contractual   Attorney-Fee Provision In The Arbitration Agreement

The law is well settled in Massachusetts, the forum state, that matters bearing on the validity and interpretation of a contract are governed by the law of the state where the contract is made.  See Atwood v. Walker, 179 Mass. 514, 519, 61 N.E. 58 (1901). The dispute in this action involves the validity and interpretation of an attorney-fee provision in the Arbitration Agreement.   Because Plaintiff in this action executed his agreement in Massachusetts, Massachusetts' law of contract interpretation controls.  See Atwood, supra.

### B.    Under Massachusetts Law, Attorneys' Fees May Be Imposed Where Provided For By An Enforceable Contract

It is well settled in Massachusetts that attorneys' fees can be imposed upon a losing party if *provided for by contract or statute.*  See Carter v. Warren Five Cents Savings Bank, 409 Mass. 73, 80, 564 N.E.2d 579 (1991); Hannon v. Original Gunite Aquatech Pools, Inc. 385 Mass. 813, 827, 434 N.E.2d 611, 619 (1982); Leventhal v. Krinsky, 325 Mass. 336, 341, 90 N.E.2d 545, 547 (1950).

In this action, the contractual terms set forth in paragraph B.13 in the Arbitration Agreement clearly provide that a party who moves to compel arbitration and who subsequently prevails in that regard, is entitled to recover his attorneys' fees incurred in connection with such motion.

### C.    The Parties Are Contractually Bound to the Terms of the Arbitration Agreement.

The parties are contractually bound to the enforceable Arbitration Agreement, which provides in pertinent part, the following:

> If any party is required to file a lawsuit to compel arbitration pursuant to this Policy, or defend against a lawsuit filed in court contrary to this Policy's mandatory arbitration provision, such party, if successful, shall be entitled to recover his, her or its reasonable costs and attorneys' fees incurred in such an action, including costs and attorneys' fees incurred in any appeal.

Exhibit "A" to the Windholz Declaration, ¶ B.13.  Because Defendants were forced to file a Motion to Compel Arbitration in this action, which was subsequently essentially withdrawn when Plaintiff himself filed a Demand for Arbitration, Defendants are entitled, pursuant to the enforceable Arbitration Agreement, to recover their reasonable costs and attorneys' fees incurred in filing the Motion to Compel Arbitration.  Accordingly, Defendants respectfully request this Court to award attorneys' fees in the amount of $7,139, which is set forth with particularity in the statement attached as Exhibit "F" to the Windholz Declaration.

WHEREFORE, Defendants, Morton's Restaurant Group, Inc. and Morton's of Chicago/Boston, Inc., respectfully request that this Honorable Court grant their Motion for Attorneys' Fees in its entirety, and all other appropriate relief.

Respectfully submitted,

MORTON'S RESTAURANT GROUP, INC.
AND MORTON'S OF CHICAGO INC.

By their attorneys,

/s/ David J. Kerman
David J. Kerman (BBO #269370)
Jackson Lewis LLP
75 Park Plaza
Boston, Massachusetts 02116
(617) 367-0025; (617) 367-2155 (fax)

Elise M. Bloom, *pro hac vice granted*
Diane Windholz, *pro hac vice granted*
JACKSON LEWIS LLP
59 Maiden Lane
New York, New York 10038-4502
Dated: September 8, 2005                    (212) 545-4000