UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

------------------------------------------------------------x
MARK JOHNSON, on behalf of himself and
all others similarly situated,

        Plaintiffs,

  -against-

                Civil Action No.: 05 11058 MLW

MORTON'S RESTAURANT GROUP,
INC., and MORTON'S OF CHICAGO, INC.

        Defendant.
------------------------------------------------------------x

**DECLARATION OF DIANE WINDHOLZ IN SUPPORT OF
DEFENDANTS' MOTION FOR ATTORNEYS' FEES**

  DIANE WINDHOLZ, on oath, deposes and says as follows:

  1.  I am a member of the law firm Jackson Lewis LLP, counsel for Defendants, Morton's Restaurant Group, Inc. and Morton's of Chicago/Boston, Inc. (incorrectly identified as "Morton's of Chicago, Inc." (hereinafter referred to as "Defendants")), in the above captioned matter. As such, I am fully familiar with the facts set forth herein.

  2.  This declaration is submitted in support of Defendants' Motion for Attorneys' Fees.

  3.  On or about May 20, 2005, Plaintiff filed the instant action on behalf of himself and others, pursuant to the Fair Labor Standards Act against Defendant Morton's Restaurant Group.

4.  On or about June 2, 2005, Plaintiff filed a First Amended Complaint to add Morton's of Chicago, Inc. as a Defendant.

5.  A true and correct copy of Morton's Mandatory Arbitration Policy and Procedure for Resolving Disputes Arising out of Its Employees' Employment or Termination of Employment is attached hereto as Exhibit "A."

6.  A true and correct copy of Plaintiff's Receipt for Mandatory Arbitration Procedure for Resolving Disputes Arising out of the Employees' Employment or Termination of Employment is attached hereto as Exhibit "B."

7.  On June 10, 2005, defense counsel sent counsel for Plaintiff, Shannon Liss-Riordan, Esq., correspondence via facsimile, advising Plaintiff of Defendants' intention to move to compel arbitration in this matter. A copy of defense counsel's letter is attached as Exhibit "C." Defendants asked that Plaintiff respond by June 13, 2005. Plaintiff did not contact Defendants.

8.  On June 16, 2005, after defense counsel telephoned Plaintiff's counsel to learn his position regarding the motion, Ms. Liss-Riordan's co-counsel, Stephen Young, advised Defendants that Plaintiff did not know what position Plaintiff intended to take. Defense counsel expressly advised Mr. Young that Defendants would indicate that in their Motion to Compel Arbitration.

9.  On June 20, 2005, Defendants electronically filed their Motion to Compel Arbitration.

10.     On June 20, 2005, at about 4:20 p.m., the Court's ECF system automatically generated and sent a Notice of Electronic Filing to Ms. Liss-Riordan and another individual at Ms. Liss-Riordan's firm with the e-mail address of mrex@prle.com, reflecting the filing of the Motion to Compel Arbitration.  A copy of the Notice of Electronic Filing for the Motion to Compel Arbitration filed on June 20, 2005 is attached as Exhibit "D."

11.     On July 5, 2005, Plaintiff filed with the American Arbitration Association a demand for arbitration on behalf of himself and of a nationwide class of all those similarly situated.  A copy of Plaintiff's Demand for Arbitration is attached hereto as Exhibit "E."

12.     On July 12, 2005, defense counsel spoke with Mr. Young.  At that time, Mr. Young explained that Plaintiff had filed a demand for arbitration with the American Arbitration Association because he was uncertain about the outcome of the Motion to Compel Arbitration.

13.     On July 26, 2005, Plaintiff filed a response to the Motion to Compel Arbitration in which he agreed to submit his claim to arbitration.

14.     A statement of Defendants' fees incurred in filing their Motion to Compel Arbitration is attached hereto as Exhibit "F."

I declare under the penalty of perjury that the foregoing is true and correct.  Executed on September 8, 2005.

/s/ Diane Windholz_____
DIANE WINDHOLZ

# **<u>EXHIBIT A</u>**

Case 1:05-cv-11058-MLW    Document 23    Filed 09/08/2005    Page 4 of 20

<div style="text-align:center">

**MORTON'S OF CHICAGO/BOSTON, INC'S
MANDATORY ARBITRATION POLICY AND
PROCEDURE FOR RESOLVING DISPUTES ARISING OUT OF ITS
EMPLOYEES' EMPLOYMENT OR TERMINATION OF EMPLOYMENT**

</div>

A.   ARBITRATION OF CONTROVERSIES

    1.   <u>When Arbitration is Required</u>

In the event of any dispute, claim, or controversy including, but not limited to, any dispute, claim, or controversy seeking compensatory and/or punitive damages ("claims") arising out of any Employee's employment or the cessation of such employment with Morton's of Chicago/Boston, Inc. ("Morton's"), any such claims, on an individual or class basis, shall be submitted to final and binding arbitration. Such claims include, but are not limited to, any federal, state, or local statutory claims (including, but not limited to, claims pursuant to Title VII of the Civil Rights Act of 1964, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Employee Retirement Income Security Act of 1974, as amended; the Immigration Reform Control Act, as amended; the Americans With Disabilities Act of 1990, as amended; the Family and Medical Leave Act of 1993, as amended; the Occupational Safety and Health Act of 1970, as amended; the Age Discrimination in Employment Act of 1967, as amended; the Fair Labor Standards Act, as amended; the Massachusetts Fair Employment Practices Act, as amended; the Massachusetts Equal Rights for the Elderly and Persons with Disabilities Law, as amended; the Massachusetts Age Discrimination Law, as amended; the Massachusetts State Wage and Hour Laws, as amended; the Massachusetts Equal Pay and Maternity Benefits Law, as amended; the Massachusetts Equal Rights Act, as amended; the Massachusetts Civil Rights Act, as amended; the Massachusetts Labor Relations Act, as amended; the Massachusetts Privacy Law, as amended; the Massachusetts Occupational Safety and Health Laws, as amended; the Massachusetts Workers' Compensation Law, as amended; any claim of retaliation in connection with a Workers' Compensation or disability claim, and any other local or municipal law, regulation or ordinance, contract, tort or public policy claims). The Employee and Morton's shall each have the right to assert any claim or defense in arbitration which could be raised in a court of competent jurisdiction, and shall be precluded from raising in any federal or state court of law or equity any claim or controversy or cause of action which could be raised in arbitration under this Policy.

Nothing in this Policy precludes an employee from filing a charge or from participating in an administrative investigation of a charge before an appropriate government agency. Similarly, this Policy does not preclude the parties from conciliating any charge pending before an appropriate government agency. Any recovery or relief arising out of employment or cessation of employment with Morton's, however, shall be limited to that awarded by the arbitrator.

2. <u>Rights And Procedures Applying To Arbitration</u>

The following rights and procedures shall apply in any arbitration:

 a. Each party shall have the right to assert any claims or defenses in the arbitration which could be raised in a court of competent jurisdiction;

 b. Each party shall have the right to counsel of his/her or its choice;

 c. The party that raises a claim in arbitration shall bear the burden of proof with respect to that claim;

 d. The arbitrator shall have the authority to award such relief as may be available in a court of law;

 e. Except as otherwise provided herein, the arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA") in effect at the time a demand for arbitration is made; and

 f. The arbitration shall be enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. §§1, <u>et seq</u>.

3. <u>Demand For Arbitrator</u>

Each party shall have the right to demand arbitration by submitting to the other party a written demand which shall state (i) the claim asserted, (ii) the facts alleged to support the claim, (iii) the applicable statute or principle of law upon which the legal basis for the demand is premised, and (iv) the remedy being sought. The party upon whom the demand is served shall respond to the demand, in writing, within twenty (20) days after receiving the demand. Such response shall specifically admit or deny each factual allegation in the demand and set forth any counterclaims, cross claims, or defenses.

4. <u>Time For Demanding Arbitration</u>

Any demand for arbitration shall be made in writing, and served upon the other party to this Policy in accordance with the notice provisions of subparagraph B.1 of this Policy. The demand shall be served no later than three hundred (300) calendar days following the date upon which the claim arose. For purposes of this paragraph, the date upon which the claim arose shall be the date of the event, occurrence, or happening giving rise thereto, or the date notice is given of the event, occurrence, or happening, whichever is earlier. This time period shall not be extended by virtue of informal attempts to resolve the dispute.

5. <u>Selection Of Arbitrators</u>

The parties shall attempt to agree upon an arbitrator to hear the dispute. If agreement is not reached within thirty (30) calendar days of receipt of the demand for arbitration, the party seeking arbitration shall, within fourteen (14) days after the end of such thirty (30) day period, request from the AAA Commercial Arbitration Tribunal a list of seven (7) arbitrators experienced in arbitrating labor and employment disputes. Immediately upon receipt of this list of arbitrators from AAA, the party seeking arbitration shall forward a copy of the list to the other party. Within fourteen (14) calendar days of receipt of the list by the party seeking arbitration, the parties shall select the arbitrator by alternately striking names from the list until a single name remains. The party seeking arbitration shall be the first to strike.

6.  Discovery

In advance of the arbitration hearing, each party may request the other to produce documents and/or information by means of interrogatories, requests for admissions or depositions which are relevant, non-privileged and material to either party's claims or defenses. Discovery disputes shall be resolved by the arbitrator in advance of the hearing and in accordance with the Federal Rules of Civil Procedure. Each party may also issue subpoenas in accordance with the Federal Arbitration Act and the Rules of the AAA.

7.  The Arbitration Hearing

The arbitration hearing shall commence within one (1) year from the date on which the claim arose. The arbitration hearing shall take place in the State in which this agreement was executed, and shall continue on consecutive business days until completed, unless the parties and the arbitrator agree upon a different schedule. Each party shall have the right to be represented by counsel and to present testimony through its own witnesses and to cross-examine the other party's witness(es). The arbitration hearing shall be stenographically recorded, and each party shall have the opportunity to submit post-hearing briefs. The party asserting the arbitration claim shall bear the burden of proof.

8.  Arbitrator's Decision And Award

The arbitrator shall issue his/her award within sixty (60) days of the close of the hearing or receipt of post-hearing briefs. The arbitrator shall submit with the award an opinion which shall include findings of fact and conclusions of law.

The arbitrator shall have the authority to award such relief as may be available in a court of law, including, but not limited to, the costs of arbitration and attorneys' fees as allowed by law. The decision of the arbitrator shall be final and binding on the parties. Any relief or recovery to which an Employee is entitled from any claims arising out of his/her employment or termination of employment, or any claim of unlawful discrimination or harassment shall be limited to that awarded by the arbitrator. The Employee will be required to pay the first $150 of the costs of commencing arbitration, with Morton's paying the remainder of the initial fee. The

Employee and Morton's will each pay 50% of the arbitrator's fee until the Employee has paid the equivalent of one day's wages, including tips as averaged over the Employee's most recent four (4) weeks of work, after which Morton's will pay any remaining amount. At the arbitrator's discretion, reasonable attorneys' fees may be awarded to the prevailing party.

The arbitrator shall have no authority to add to, delete from, or modify in any way the provisions of this Policy.

9. <u>Claims Against Individual Supervisors And Other Agents of Morton's</u>

Any employee who commences a lawsuit against a current or former supervisor or other agent of Morton's in his or her individual capacity based upon any claim arising out of the Employee's employment or termination of employment, shall provide Morton's with written notice within ten (10) days of commencement of such action. To be considered timely, any such lawsuit shall be filed and served upon the current or former supervisor or other agent of Morton's no later than three hundred (300) calendar days following the date upon which the claim arose. At the option of Morton's, any such claims alleged against such current or former supervisor or other agent of Morton's shall be submitted to final and binding arbitration pursuant to the arbitration provisions contained in this Policy.

Additionally, any lawsuit filed and served against any employee of Morton's by any other current or former Employee of Morton's based upon any claims arising out of such other current or former Employee's employment or termination of employment shall, at the option of Morton's, be submitted to final and binding arbitration pursuant to the arbitration provisions contained in this Policy. Any Employee instituting such an action shall provide Morton's with written notice within ten (10) days of service of any such lawsuit.

B. GENERAL PROVISIONS

10. <u>Notices</u>

Any notices to be given under this Policy by either party to the other, shall be effected by personal delivery in writing or by mail, registered or certified, postage prepaid with return receipt requested. Any notice to Morton's shall be mailed to the Personnel Manager, Morton's of Chicago, Inc., 350 W. Hubbard Street, Suite 350, Chicago, Illinois, 60610. Any notice to an Employee shall be mailed to the Employee's last address on file with the Human Resources Department. Each party may change his, her or its address by written notice to the other party. Mailed notices shall be deemed communicated as of five (5) days after mailing.

11.  <u>Entire Policy</u>

This Policy cannot be modified except in writing signed by both the Employee and the President of Morton's and supersedes any and all other agreements, either oral or in writing, express or implied, with respect to the employment of the Employee by Morton's.

12.  <u>Partial Invalidity</u>

If any provision of this Policy is held by a court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall, nevertheless, continue in full force without being impaired or invalidated in any way.

13.  <u>Attorneys' Fees To Compel Arbitration</u>

If any party is required to file a lawsuit to compel arbitration pursuant to this Policy, or defend against a lawsuit filed in court contrary to this Policy's mandatory arbitration provision, such party, if successful, shall be entitled to recover his, her or its reasonable costs and attorneys' fees incurred in such an action, including costs and attorneys' fees incurred in any appeal.

14.  <u>Contract of Employment</u>

Neither the terms nor conditions described in this Policy are intended to create a contract of employment for a specific duration of time. Both the Employee and Morton's are free to terminate the employment relationship with or without cause or notice at any time.

15.  <u>Governing Law</u>

This Policy shall be governed by and shall be interpreted in accordance with the laws of the State of Massachusetts.

# **EXHIBIT B**



## RECEIPT FOR MANDATORY ARBITRATION PROCEDURE FOR RESOLVING DISPUTES ARISING OUT OF THE EMPLOYEE'S EMPLOYMENT OR TERMINATION OF EMPLOYMENT

I have received today a copy of the Morton's of Chicago Mandatory Arbitration Procedure For Resolving Disputes Arising Out Of The Employee's Employment Or Termination of Employment ("Arbitration Procedure"). I understand that the Arbitration Procedure cannot be modified except in writing signed by both the President of Morton's and me. I understand that this Arbitration procedure supersedes any and all other agreements, either oral or in writing, express or implied, with respect to my employment by Morton's. I understand that if any provision of the Arbitration Procedure is held by a Court of competent jurisdiction to be invalid, void, or unenforceable, the remaining provisions shall, nevertheless, continue in full force without being impaired or invalidated in any way. No statement or representation by a Manager or executive, whether oral or written, can supplement or modify this Arbitration Procedure other than in an official revision hereof. I agree to abide by the Arbitration Procedure and rules contained therein and with revisions made thereafter. I also understand that any delay or failure by the Company to enforce any portion of the Arbitration Procedure will not constitute a waiver of the Company's right to do so in the future.

_____
Date

RECEIVED APR 23 1998 By_____

_____
Employee Signature

_____
Employee Name (Printed)

350 W. Hubbard Street • Suite 350
Chicago, Illinois 60610
(312) 923-0030 • Fax (312) 923-0050

# **EXHIBIT C**



Representing Management Exclusively in Workplace Law and Related Litigation

| Jackson Lewis LLP | ATLANTA, GA | LOS ANGELES, CA | SACRAMENTO, CA |
| 59 Malden Lane | BOSTON, MA | MIAMI, FL | SAN FRANCISCO, CA |
| New York, New York 10038 | CHICAGO, IL | MINNEAPOLIS, MN | SEATTLE, WA |
| Tel 212 545-4000 | DALLAS, TX | MORRISTOWN, NJ | STAMFORD, CT |
| Fax 212 972-3213 | GREENVILLE, SC | NEW YORK, NY | WASHINGTON, DC REGION |
| www.jacksonlewis.com | HARTFORD, CT | ORLANDO, FL | WHITE PLAINS, NY |
|  | LONG ISLAND, NY | PITTSBURGH, PA |  |

DIRECT DIAL: (212) 545-4028
E-MAIL ADDRESS: WINDHOLD@JACKSONLEWIS.COM

June 10, 2005

**VIA FACSIMILE**

Shannon Liss-Riordan, Esq.
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont Street, 5th Floor
Boston, Massachusetts 02108

                Re:    Johnson v. Morton's Restaurant Group
                        Civil Action No. 05-11057(MLW)

Dear Ms. Liss-Riordan:

       We are writing with regard to the Complaint filed in the above-referenced matter. Since Plaintiff signed an arbitration agreement, Defendant intends to file a motion to dismiss and compel arbitration and move for sanctions for Plaintiff's failure to confer regarding his Motion to Facilitate §216(b) Notice. Pursuant to Rule 7.1, Defendant writes to confer regarding these motions and attempt in good faith to resolve or narrow the issues. Please advise us of your position regarding these motions before 5:00 p.m on Monday June 13, 2005.

                                          Very truly yours,

                                          JACKSON LEWIS LLP

                                          Diane Windholz

DW:ra

cc:    Stephen Young, Esq. (via facsimile)
        Elise M. Bloom, Esq.

# **EXHIBIT D**

## Windholz, Diane (NYC)

| | |
|---|---|
| From: | ECFnotice@mad.uscourts.gov |
| Sent: | Monday, June 20, 2005 4:01 PM |
| To: | CourtCopy@mad.uscourts.gov |
| Subject: | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Motion to Compel" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:00 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 9
Copy the URL address from the line below into the location bar of your Web browser to view the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?9,98180,,20413541,

Docket Text:
    MOTION to Compel <I>Arbitration and to Stay Further Proceedings, for Fees and Costs and/or to Dismiss Plaintiff's Class Claims</I> by Morton's Restaurant Group, Inc..(Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021155-0]
[248e52e08cf66f0f567732f3a571321e84646ba3c8aadc2f3318c25da7a1510f7f20348da5126819d36741ba6
ec92feea2fb4bcd9c75bea9775ff5509ea42190]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                                    kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                            sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:

1

# **EXHIBIT E**

# AMERICAN ARBITRATION ASSOCIATION
## LABOR ARBITRATION RULES
### DEMAND FOR ARBITRATION

MEDIATION: Please consult the AAA regarding mediation procedures. If you want the AAA to contact the other party and attempt to arrange a mediation, please mark an "X" here _____.

Date: July 5, 2005

To: Name  Morton's Restaurant Group, Inc. and Morton's of Chicago, Inc.
(of the Party on Whom the Demand is Made)
    Address  The Corporation Trust Company
    City and State Wilmington, DE    ZIP Code  19801
    Telephone  (___)_____   Fax (___)_____
    Name of Representative  Diane Windholz, Esq., and Elise Bloom, Esq.
    (if known)
    Name of Firm (if Applicable)  Jackson Lewis, LLP
    Representative's Address  59 Maiden Lane
    City and State New York, NY  ZIP Code  10038
    Telephone  (212) 545-4000  Fax (212) 972-3212

The named claimant, a party to an arbitration agreement contained in a written contract, dated_____ and providing for arbitration under the Labor Arbitration Rules of the American Arbitration Association, hereby demands arbitration thereunder. (Attach the arbitration clause or quote it hereunder.)

NATURE OF DISPUTE   see attached

CLAIM OR RELIEF SOUGHT (amount, if any):  see attached

HEARING LOCALE REQUESTED:  Boston, MA
(City and State)

You are hereby notified that copies of our arbitration agreement and this demand are being filed with the American Arbitration Association at its   RI   office, with a request that it commence administration of the arbitration. Under the rules, you may file an answering statement within ten days after notice from the administrator.

Signed _Shannon Liss-Riordan /SY_  Title  Attorney
(May be Signed by a Representative)
Name of Claimant  Mark Johnson and all others similarly situated
Address _____
(to Be Used in Connection with this Case)
    City and State _____   ZIP Code _____
    Telephone  (___)_____   Fax (___)_____
    Name of Representative  Shannon Liss-Riordan, Esq., Pyle, Rome, Lichten,
    Representative's Address  Ehrenberg & Liss-Riordan, P.C., 18 Tremont St.
    City and State  Boston, MA    ZIP Code  02108
    Telephone  (617) 367-7200    Fax (617) 367-4820

To institute proceedings, please send three copies of this demand and the arbitration agreement, with the filing fee as provided in the rules, to the AAA. Send the original demand to the respondent.

LF-03

<ins>The name of the grievant</ins>

Mark Johnson, on behalf of himself and of a nationwide class of all others similarly situated

<ins>The nature of the dispute</ins>

Unlawful retention of a portion of server tips and customer service charges, unlawful mandatory distribution of a portion of server tips and customer service charges to managers and other employees, and unlawful failure to pay grievant and those similarly situated the minimum wage (due to employer's failure to qualify for the "tip credit" against the minimum wage).

<ins>The claim or relief sought</ins>

Restitution for all tips and service charges unlawfully taken away from grievant and those similarly situated, restitution for unpaid portion of minimum wage, statutory enhancement of all damages (as allowed for by law), attorneys' fees and costs, and any other relief to which the aggrieved employee and those similarly situated may be entitled.

# **EXHIBIT F**

## **EXHIBIT F**

| Date | Atty | Hours | Description |
|---|---|---|---|
| 6/07/05 | ML | 1.50 | Prepare Motion to Compel |
| 6/08/05 | ML | 2.00 | Updating research for motion to compel arbitration |
| 6/08/05 | ML | 3.00 | Prepare motion to compel arbitration and motion to dismiss |
| 6/09/05 | ML | 4.00 | Research for motion to compel; draft motion to compel; memorandum of law in support and affidavit of David Kerman; review Plaintiff's personnel file |
| 6/11/05 | ML | 4.00 | Prepare motion to compel arbitration and supporting documents; review arbitration procedures; legal research |
| 6/13/05 | ML | 3.50 | Prepare motion to compel, memorandum of reasons in support and affidavit of David Kerman in support |
| 6/16/05 | DJK | 2.70 | Prepare motion to compel and supporting memorandum of law and declarations |
| 6/20/05 | DJK | .90 | Prepare and finalize motion to compel arbitration and related pleadings |

| Hourly Rates | Hours | Total |
|---|---|---|
| Miriam Lieberson - $340 | 18 | $6,120 |
| David Kerman - $283 | 3.6 | $1,019 |
| | | $7,139 |