## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

_____

|  |  |  |
|---|---|---|
| MARK JOHNSON, on behalf of himself<br>and all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 05-11058-MLW |
| | ) | |
| MORTON'S RESTAURANT GROUP, INC.<br>And MORTON'S OF CHICAGO, INC., | ) | |
| | ) | |
| Defendants, | ) | |

_____ )

## PLAINTIFF'S RESPONSE TO
## DEFENDANTS' MOTION FOR ATTORNEYS' FEES

Plaintiff Mark Johnson has agreed to submit this case to arbitration, and the case is currently pending before the American Arbitration Association.  It remains in this Court apparently only because Defendants Morton's Restaurant Group, Inc. and Morton's of Chicago, Inc. ("Morton's") have now moved for an award of attorneys' fees against Plaintiff for the work performed by their counsel in filing a Motion to Compel Arbitration.  Morton's bases its request for fees on a provision of the parties' arbitration agreement.  Now that the case is in arbitration, interpretation of this agreement—and a decision as to whether or not an award of fees is warranted under the agreement—is properly left to the arbitrator and not to this Court.  Plaintiff therefore requests that the Court deny Morton's motion and order that this case, including Morton's request for fees, be decided through arbitration.

If, however, the Court chooses to consider Morton's motion, Plaintiff submits the following argument as to why Morton's request for fees should be denied.

As a preliminary matter, however, in the event that the Court chooses to consider Morton's motion, Plaintiff notes that he did <u>not</u> consent to the reassignment of this matter to the magistrate judge.  On July 26, 2005, together with his response to Morton's Motion to Compel Arbitration, Plaintiff stated his opposition to the proposed transfer.  *See* Plaintiff's Response to Defendant's Motion to Compel Arbitration (attached here as Exhibit 2), at 2.  Judge Wolf incorrectly stated in his Order of August 11, 2005, that Plaintiff had not responded to the earlier order asking if the parties consented to the reassignment and that therefore the Plaintiff was deemed to have consented. Since Plaintiff did not consent to the reassignment, if this motion is considered, it should be referred to Judge Wolf.

If the Court chooses to nevertheless consider the motion, it should be denied because it was unnecessary for Morton's to move to compel arbitration. Morton's counsel did not properly confer with Plaintiff's counsel regarding the Motion to Compel before spending the time preparing it.  Indeed, the time records submitted in support of the motion show that most of the hours Morton's counsel spent on the motion to compel arbitration were before even speaking to Plaintiff's counsel.  Had Morton's counsel explored this question with Plaintiff's counsel, and waited to receive an actual response to its inquiry regarding

whether Plaintiff would consent to arbitration, they could have learned that filing the motion was unnecessary.

As Morton's has represented in its motion, its counsel, Diane Windholz, faxed a letter on June 10, 2005, to Plaintiff's counsel, Shannon Liss-Riordan, requesting a response within three days, by June 13, purporting to confer regarding Defendants' intent to file a motion to compel arbitration.  *See* Exhibit C to Declaration of Diane Windholz.  Ms. Windholz, who has a number of cases with Plaintiff's counsel, Shannon Liss-Riordan, was well aware that Ms. Liss-Riordan was on maternity leave at the time and thus would be unlikely to be able to provide a response in such a short amount of time.  As acknowledged in Defendant's current motion, when Ms. Windholz spoke shortly thereafter to Stephen Young, the associate attorney working with Ms. Liss-Riordan, he responded that Plaintiff did not have an answer yet as to whether or not he would consent to arbitration.  *See* Defendants' Memorandum in Support of Their Motion for Attorneys' Fees, ¶ 4.  (As noted in the time records submitted by Morton's counsel, by this date, Morton's counsel had already worked 18 of the 21.6 hours on the motion for which Morton's seeks reimbursement.)

As Ms. Liss-Riordan explained to Ms. Windholz in later correspondence, Plaintiff was considering whether or not to challenge the arbitration agreement in the case, based upon Morton's opposition in the past to bear the bulk of the substantial arbitration filing fee for class action arbitrations.  *See* Exhibit 3 (July 20, 2005, letter from Shannon Liss-Riordan to Diane Windholz); Exhibit 2 (Plaintiff's Response to Defendants' Motion to Compel Arbitration).  Although the

arbitration agreement clearly states that the claimant must only pay $150 toward the initial arbitration filing fee (*see* Morton's Mandatory Arbitration Policy, Section A.8., Exhibit A to Declaration of Diane Windholz), in another class case for which the same counsel represent the claimant/employees and Morton's as in this case, *Esposito v. Morton's of Chicago/Boston, Inc.*, American Arbitration Association Docket No. 11 460 02864 03, Morton's refused to pay its share of the fee ($3,100 out of an initial $3,250 filing fee). *See* Liss-Riordan Affidavit, ¶ 4. This refusal placed a great burden on the claimant that was contrary to Morton's arbitration agreement and, as noted below, could render the agreement invalid. The claimant in that case spent many months litigating this issue before the arbitrator, before finally obtaining a ruling that Morton's was required to pay its share of $3,100 of the initial arbitration filing fee. *See* Liss-Riordan Affidavit, ¶ 5.

Not wanting to repeat that experience, Plaintiff's counsel filed this case in court, intending to oppose the arbitration agreement on the ground that Morton's was itself refusing to abide by the terms of its arbitration agreement by refusing to pay its share of the initial arbitration fee.[1] Requiring employees to bear this cost would shift too great a financial burden onto the employee claimants, which could invalidate the agreement under federal law.[2] Because Morton's had

---

[1]     Indeed, as noted below, Morton's has still to this day not paid its share of the initial filing fee in the arbitration that Plaintiff Mark Johnson has initiated with the AAA. *See* Exhibits 5-7.

[2]     *See Green Tree v. Randolph*, 531 U.S. 79, 90 (2000) ("the existence of large arbitration costs could preclude a litigant . . . from effectively vindicating her federal statutory rights in the arbitral forum"); *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646 (6th Cir. 2003) (cost-splitting provision in arbitration agreement unenforceable because found to deter substantial number of similarly situated employees from seeking to vindicate their rights); *Shankle v. B-G Maintenance Management of Colorado, Inc.*, 163 F.3d 1230, 1234-35 (10th Cir. 1999) (arbitration agreement requiring fee-splitting between the parties unenforceable as plaintiff would have had to pay between $1,875 to $5,000 to arbitrate his claims); *Cole v. Burns Int'l Security Serv.*, 105 F.3d

refused in the past to bear its share of the significant filing fee required by the AAA for a class claim, the Plaintiff in this case had a colorable argument for challenging the validity of Morton's arbitration agreement.

After Defendant's counsel raised with Plaintiff's counsel the question of whether the Plaintiff would agree to submit this case to arbitration, Plaintiff's counsel explained that Plaintiff would not pursue this challenge, but would instead submit to arbitration, if Morton's agreed to pay its share of the arbitration filing fee. This offer was made to Defendants' counsel by telephone on July 12, 2005. *See* Liss-Riordan Affidavit, ¶¶ 12-13; Exhibit 3 (July 20, 2005, letter from Shannon Liss-Riordan to Diane Windholz); Exhibit 4 (July 14, 2005, letter from Diane Windholz to Shannon Liss-Riordan).

Unbeknownst to Plaintiff's counsel, however, Morton's had already at that point filed its Motion to Compel Arbitration. Plaintiff's counsel had not received a copy of the motion or notice that the motion had been filed. *See* Liss-Riordan Affidavit, ¶¶ 16-17; Exhibit 3 (July 20, 2005, letter from Shannon Liss-Riordan to Diane Windholz). At that point, Plaintiff's counsel believed that Morton's was waiting for an answer to its question of whether Plaintiff would agree to submit to arbitration, prior to filing its Motion to Compel. *See* Liss-Riordan Affidavit, ¶ 20.

Upon obtaining a copy of the motion a month after it was filed, Plaintiff's counsel saw that Morton's acknowledged in the motion its responsibility to "bear virtually all the costs of arbitration." *See* Defendants' Memorandum in Support of Their Motion to Compel, at 6. Plaintiff then submitted a response to the motion

---

1465, 1485 (D.C. Cir. 1997) (holding that an arbitration agreement would be unenforceable if plaintiff were required to pay all or part of arbitration fees/expenses).

stating that he did not oppose it.  *See* Exhibit 2 (Plaintiff's Response to Defendants' Motion to Compel), at 1.

Had Morton's counsel waited for an answer from Plaintiff's counsel as to whether or not Plaintiff would consent to arbitration, Morton's motion to compel would not have been necessary, and the fees it has requested would not have been incurred.  Instead, Morton's counsel merely made a superficial attempt to confer on this issue (after having performed much of the work already on the motion) by faxing a letter to Plaintiff's counsel, whom they knew was on maternity leave, requiring a response within three days.  When Morton's counsel spoke to the new associate counsel on the case, Mr. Young, he told her that he did not have an answer as to whether or not Plaintiff would consent to arbitration or oppose the motion.  *See* Defendants' Memorandum in Support of Their Motion for Attorneys' Fees, ¶ 4.  Not long thereafter, and prior to Plaintiff's counsel's learning that a Motion to Compel had in fact been filed, Plaintiff's counsel offered to Morton's counsel that Plaintiff would not oppose arbitration, and would instead proceed with the arbitration that Plaintiff had initiated (in order to pursue his claim in the event that he was compelled to arbitration), if Morton's would agree to pay its share of the filing fee.  *See* Liss-Riordan Affidavit, ¶¶ 12-14; Exhibits 3 and 4. If Morton's had made its representation to Plaintiff earlier that it would "bear virtually all the costs of the arbitration," (s*ee* Defendants' Memorandum in Support of Their Motion to Compel, at 6) then Plaintiff would earlier have agreed to arbitration.

Notably, Morton's has still to this day not paid its share of the arbitration filing fee, thus ignoring its obligation under the arbitration agreement.  *See* Exhibits 5-7.  It nonetheless seeks to enforce another portion of the arbitration agreement against the Plaintiff by requesting that he now bear the costs of Morton's counsel's engaging in unnecessary work that could have been avoided. This attempt should be rejected.  Instead, Morton's should be ordered to pay its share of the filing fee, this case should be dismissed from court and proceed in arbitration, and Morton's motion for attorneys' fees should be denied.

Respectfully submitted,

MARK JOHNSON, on behalf of himself and all others similarly situated,

By his attorneys,

_s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Stephen Young, BBO #662914
PYLE, ROME, LICHTEN, EHRENBERG
    & LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated:       September 22, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served by hand upon David Kerman, Esq., Jackson Lewis, LLP, 75 Park Plaza, Boston, MA 02116, and upon Elise Bloom, Esq. and Diane Windholz, Esq., Jackson Lewis, LLP, 59 Maiden Lane, New York, NY 10038, by first class mail on September 22, 2005.

__s/Shannon Liss-Riordan_____
Shannon Liss-Riordan, Esq.

EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARK JOHNSON, on behalf of himself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MORTON'S RESTAURANT GROUP, INC. And MORTON'S OF CHICAGO, INC., | ) ) ) |
| Defendants, | ) ) ) |

Civil Action No.
05-11058-MLW

**AFFIDAVIT OF SHANNON LISS-RIORDAN**

I, Shannon Liss-Riordan, hereby depose and state as follows:

1.    I am counsel to the plaintiff in the above-captioned matter.

2.    This action was filed in court on May 20, 2005. The plaintiff initially filed this case in court, rather than in arbitration, with the intention of challenging the validity of Morton's mandatory arbitration policy.

3.    One basis for challenging the policy was to be that Morton's had in the past refused to abide by the terms of its own arbitration policy by refusing to pay its share of the substantial initial arbitration fee assessed by the American Arbitration Association ("AAA") for class claims ($3,250).

4.    Specifically, in the case of *Esposito v. Morton's of Chicago/Boston, Inc.*, AAA Docket No. 11 460 02864 03 (a case for which I represent the claimant

and Ms. Windholz and Ms. Bloom represent Morton's), Morton's refused to pay its share of this initial filing fee ($3,100 out of the $3,250 fee).[1]

5.    In the *Esposito* case, the parties spent approximately a year arguing over the issue of who was responsible for paying the bulk of this initial filing fee. Ultimately, the claimant obtained a ruling from the arbitrator that Morton's was required to pay the bulk of the fee ($3,100). After this ruling was issued, Morton's then moved for reconsideration, further delaying that case.

6.    The present case was filed in court, rather than arbitration, with the intent of challenging Morton's refusal to pay this fee and attempt to shift this burden onto employee claimants.

7.    Shortly after this case was filed, I gave birth to my third child on May 27, 2005, and was out of the office on maternity leave from that date until I returned this month.

8.    Because Ms. Windholz and I represent opposing parties in a number of matters, I understood that she was aware that I was out of the office on maternity leave this summer.

9.    In June, approximately two weeks after I gave birth, I learned that Ms. Windholz had written and called my office to confer regarding Morton's intent to file a motion to compel arbitration.

10.    When I spoke to my associate, Stephen Young, regarding his conversation with her when she called, he informed me that he told her that he

---

[1]    Morton's arbitration policy states that the claimant must only pay $150 toward the initial arbitration filing fee. (*See* Exhibit A to Windholz Declaration, Section A.8.)

2

did not have a response yet to the question of whether the plaintiff would consent to arbitration or would oppose a motion to compel arbitration.

11.    In an abundance of caution, the plaintiff filed a demand for arbitration in addition to filing this lawsuit because of the uncertainty as to whether the case would proceed in court or arbitration.

12.    After learning that the AAA had contacted my office to inquire about the initial class action filing fee that had not yet been paid for the case, I conferred with Mr. Young and instructed him to inform Ms. Windholz that the plaintiff would not pursue a challenge in court to the arbitration policy if Morton's agreed to pay its share of the initial arbitration filing fee.

13.    I understand that he communicated this offer to Ms. Windholz on July 12, 2005.

14.    At that point, I was not aware that Morton's had already filed a motion to compel arbitration.

15.    While out on maternity leave, I had my mail delivered to me, and I also had access to my e-mail, which I checked regularly.

16.    Morton's motion to compel arbitration was not served at my office by hard copy. Ms. Windholz later explained that a hard copy was not served because such service is no longer necessary when a pleading is filed electronically.

17.    I do not recall seeing an e-mail notification from the court that Morton's had filed a motion to compel arbitration. After I learned that it had in

3

fact already been filed, I went back to check my e-mail account and confirmed that I did not have this notification in my in-box.

18.    The other e-mail account to which the notification was scheduled to be sent, according to the documents submitted by Ms. Windholz, mrex@prle.com, was an inactive account after May 2005.

19.    I did not learn until July 17, 2005, that Morton's had already filed its motion to compel arbitration. After seeing the motion and its representation that Morton's would "bear virtually all the costs of arbitration," I agreed on behalf of the plaintiff to submit this case to arbitration.

20.    Prior to this date, I assumed that Morton's had decided to wait to file a motion to compel arbitration until after receiving an answer as to whether or not the plaintiff would in fact oppose such a motion. Given that I was out of the office on maternity leave during this time, I assumed that Morton's counsel, who was aware that I was not in the office, was waiting for an answer to this question. Also given that the plaintiff in this matter had filed an arbitration demand in early July, I assumed that Morton's counsel recognized that the plaintiff was considering whether to pursue this case in arbitration or in court and had therefore held off on filing a motion to compel arbitration.

Signed under pains and penalties of perjury this 22nd day of September, 2005.

s/Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MARK JOHNSON, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MORTON'S RESTAURANT GROUP, INC. And MORTON'S OF CHICAGO, INC.,<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.
05-11058-MLW

COURTESY COPY
DO NOT SCAN

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL ARBITRATION

Plaintiff hereby states that he consents to arbitration of this case and therefore does not oppose Defendants' motion to compel arbitration.[1]

Attorneys' fees and costs are not warranted, as Defendants suggest in their motion, because Plaintiff had a good faith reason to file this case in court. As Defendants acknowledge, pursuant to the arbitration agreement, Morton's must pay the bulk of the arbitration fees. *See* Defendants' Memorandum in Support of Their Motion to Compel Arbitration, at 6 ("Morton's will bear virtually all the costs of the arbitration"). However, in a prior proceeding involving the same counsel for the claimants and for Morton's, Morton's opposed paying the

---

[1]      This response is being filed late because Plaintiff's counsel only became aware of the filing of the motion last week. Defendants filed the motion electronically, and Plaintiff's counsel did not receive the papers either through electronic notification or hard copy. Although Defendants began the process of conferring regarding the filing of this motion prior to filing it, at the time it was filed Plaintiff had not yet given an answer as to whether he would consent to or oppose the motion. Plaintiff attempted to ascertain whether the Defendants would agree to pay the arbitration filing fee before deciding whether to oppose this motion or not, and did not know the answer to this question until his counsel saw the motion papers just last week.

share of the arbitration fee that the arbitration agreement requires. Now that

Morton's has acknowledged that it must bear virtually all the costs of the

arbitration, Plaintiff does not oppose pursuing this case in that forum.

If this case returns to this Court in a future stage of these proceedings,

Plaintiff does not consent to the referral of the case to the magistrate judge.

Respectfully submitted,

MARK JOHNSON, on behalf of himself
and all others similarly situated,

By his attorneys,

s/Shannon Liss-Riordan
Shannon Liss-Riordan, BBO #640716
Stephen Young, BBO #(pending)
PYLE, ROME, LICHTEN, EHRENBERG
   & LISS-RIORDAN, P.C.
18 Tremont Street, Suite 500
Boston, MA 02108
(617) 367-7200

Dated:        July 26, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon
David Kerman, Esq., Jackson Lewis, LLP, 75 Park Plaza, Boston, MA 02116 and
Elise Bloom, Esq. and Diane Windholz, Esq., Jackson Lewis, LLP, 59 Maiden
Lane, New York, NY 10038, by first class mail on July 26, 2005.

s/Shannon Liss-Riordan
Shannon Liss-Riordan, Esq.

EXHIBIT 3

## PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Kathrine D. Shea

Telephone (617) 367-7200
Fax (617) 367-4820

Tod A. Cochran
OF COUNSEL

Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault

*Also admitted in Maine
**Also admitted in New York

July 20, 2005

**VIA FIRST CLASS MAIL AND ELECTRONIC MAIL**

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502

Re:  *Mark Johnson et al. v. Morton's Restaurant Group, Inc. and
Morton's of Chicago, Inc.*, C.A. No. 05-11058

Dear Diane:

As we discussed yesterday on the phone, I was not aware until I saw your e-mail on Sunday that you had filed on behalf of Morton's a Motion to Compel Arbitration and an opposition to the plaintiff's Motion to Facilitate § 216(b) Notice. I had my assistant double-check the file and my incoming mail, and she was not able to find these documents in our office. I saw the documents for the first time yesterday, which my assistant printed off the court's online system and forwarded to me. I realized upon seeing them that the reason they had never come to my attention is that they were indeed not served. None of the documents that you filed on June 20, 2005, include a certificate of service.

As I mentioned to you, I was aware that you were considering filing a Motion to Compel Arbitration because you conferred with my associate, Stephen Young, about it. However, I do not recall that we ever gave you an answer as to whether we would assent to or oppose the motion. I thus assumed that you had decided to wait to file the motion until you knew whether we would in fact oppose it.

As Steve and I have both discussed with you, we have been considering agreeing to have this case arbitrated if Morton's will agree to pay the bulk of the AAA filing fee as it is required to do. (In our discussion, you told me that you did

74

## PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.

not know whether your client would agree to this and did not know when you would have a response for me.) Now that I have seen your papers which include your acknowledgment that "Morton's will bear virtually all the costs of the arbitration" (page 6 of Defendants' Memorandum in Support of Their Motion to Compel Arbitration), we will assent to arbitration of this case.

I understand that Morton's has not yet paid the $3,100 to the AAA that it owes for the initial filing fee. Please have your client pay this fee promptly, so that we may begin the arbitration proceeding for this case.

Alternatively, as we discussed, we would be willing to have this case consolidated with the *Esposito* matter if that is administratively feasible, which would save Morton's substantially in arbitration fees. The counts raised in *Esposito* and in *Johnson* would then proceed in the same arbitration, but as separate counts.

As a final note, you indicated concern that there is not an attorney in my office whom you can contact about this case. As I told you, although I am on maternity leave, I am most easily accessible by e-mail and can be available to talk by phone when necessary. Stephen Young is also available; although he is out of the office this week, he is checking and responding to messages and e-mail. You may also reach me this summer while I am out on leave by leaving a message with my assistant Vivian with whom I am in frequent contact.

I look forward to hearing how your client would prefer to proceed in the arbitration of this case – by consolidation with *Esposito* or as a separate case, in which case I expect it will pay its share of the AAA filing fee promptly.

Sincerely,

Shannon Liss-Riordan /vyo

Shannon Liss-Riordan

EXHIBIT 4

Representing Management Exclusively in Workplace Law and Related Litigation

**jackson | lewis**

Attorneys at Law

Jackson Lewis LLP
59 Maiden Lane
New York, New York 10038
Tel 212 545-4000
Fax 212 972-3213
www.jacksonlewis.com

ATLANTA, GA          LOS ANGELES, CA      SACRAMENTO, CA
BOSTON, MA           MIAMI, FL            SAN FRANCISCO, CA
CHICAGO, IL          MINNEAPOLIS, MN      SEATTLE, WA
DALLAS, TX           MORRISTOWN, NJ       STAMFORD, CT
GREENVILLE, SC       NEW YORK, NY         WASHINGTON, DC REGION
HARTFORD, CT         ORLANDO, FL          WHITE PLAINS, NY
LONG ISLAND, NY      PITTSBURGH, PA

DIRECT DIAL: (212) 545-4028
E-MAIL ADDRESS: WINDHOLD@JACKSONLEWIS.COM

July 14, 2005

**VIA  FACSIMILE AND E-MAIL**

Shannon Liss-Riordan, Esq.
Pyle, Rome, Lichten & Ehrenberg, P.C.
18 Tremont Street, 5th Floor
Boston, Massachusetts  02108

> Re:    Johnson v. Morton's Restaurant Group
>        Civil Action No. 05-11057(MLW)

Dear Ms. Liss-Riordan:

On July 12th, Stephen Young of your office telephoned me and advised me that, on your instruction, he was offering Defendant two alternatives with regard to the demand for arbitration filed by Mark Johnson on behalf of himself and a nationwide class of all those similarly situated. Before Mr. Young presented the alternatives, I asked about the status of the lawsuit filed in federal court as we are unaware of any request by Plaintiff to dismiss the case in view of his demand for arbitration. Mr. Young responded that since Plaintiff was uncertain how the motion to compel would turn out, Plaintiff filed a demand for arbitration.  I then asked Mr. Young if Plaintiff filed any opposition to the motion to compel arbitration.  Mr. Young did not believe you had but did tell me that he was "not up to speed yet on the case."

Mr. Young then presented the following two alternatives with regard to Plaintiff's demand for arbitration: (1) Plaintiff would drop its challenge to the arbitration clause if Respondent paid the American Arbitration Association's class action filing fee; or (2) Plaintiff would consolidate his case with the pending arbitration claims filed by Ms. Esposito in that way saving on the arbitration fees.   I advised Mr. Young that we were unaware of any challenge to the arbitration agreement given that Plaintiff has not filed any opposition to Defendant's motion to compel and your firm has agreed to arbitrate similar claims in the past.  Nonetheless, I told Mr that we would speak with our client about the alternatives presented and would get back to him. Mr. Young advised me that he was beginning a vacation the following day and would be out of the office for about one week.   In his absence, he asked that I e-mail our response to the alternatives presented to you and your assistant.



**jackson | lewis**
Attorneys at Law

<div align="right">
Shannon Liss-Riordan, Esq
Pyle, Rome, Lichten & Ehrenberg, P.C.
July 14, 2005
Page 2
</div>

At this time we cannot respond to either alternative since we remain unaware of Plaintiff's position regarding the pending lawsuit. While we remaining willing to discuss the options presented with you, it is difficult to do so given your's and Mr. Young's unavailability.

Very truly yours,

JACKSON LEWIS LLP

Diane Windholz

DW:ra

cc:    Stephen Young, Esq. (via facsimile)
       Elise M. Bloom, Esq.

## Windholz, Diane (NYC)

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, June 20, 2005 4:23 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Affidavit in Opposition to Motion" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:22 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 14
Copy the URL address from the line below into the location bar of your Web browser to view the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?14,98180,,25563777,

Docket Text:
  AFFIDAVIT of Janet Hoffmann in Opposition re [4] MOTION to Facilitate Sec. 216(b) Notice filed by Morton's Restaurant Group, Inc.. (Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021278-0]
[c9689a82d0be7aaac34325bfc9a14bd1c59c07a296c08e56d189932d235f10d8c0fb1e4283e180f24b25b0805
ae26ecc978077188dc27a12160a7aa3b5c2e312]]

<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                      kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                              sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:

1

**Windholz, Diane (NYC)**

| | |
|---|---|
| From: | ECFnotice@mad.uscourts.gov |
| Sent: | Monday, June 20, 2005 4:21 PM |
| To: | CourtCopy@mad.uscourts.gov |
| Subject: | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Affidavit in Opposition to Motion" |

```
***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To
avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp
\$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:21 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp
\$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 13
Copy the URL address from the line below into the location bar of your Web browser to view
the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?13,98180,,90740063,

Docket Text:
  AFFIDAVIT of David J. Kerman in Opposition re [4] MOTION to Facilitate Sec. 216(b)
Notice filed by Morton's Restaurant Group, Inc.. (Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021271-0]
[14454f50341288193d3c5f2c00b6e6dd3a145da9dc1e73e2d18aa9838b6d59bf03085a682501c337276644823
f541e579654db0d3918b0b325549e7803a503e2]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                          kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                  sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:
```

1

## Windholz, Diane (NYC)

| | |
|---|---|
| From: | ECFnotice@mad.uscourts.gov |
| Sent: | Monday, June 20, 2005 4:20 PM |
| To: | CourtCopy@mad.uscourts.gov |
| Subject: | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Opposition to Motion" |

\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:19 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 12
Copy the URL address from the line below into the location bar of your Web browser to view the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?12,98180,,9635949,

Docket Text:
  Opposition re [4] MOTION to Facilitate Sec. 216(b) Notice filed by Morton's Restaurant Group, Inc.. (Attachments: # (1) Exhibit)(Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021261-0]
 [6a049b78675ef13223aed51103f46aba1e3713ae4b7ffaeb6f5cf74113c54353f79a86994db8d3b1a50a3355f
 bb74e4792143ed5910021f2df5fc833ce995d9b]]
Document description: Exhibit
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021261-1]
 [228483083193483d7280f2c93779c226d124c431f1bfd00cbceb865e4c433cefb4105912dc0ec5b4481c97cf7
 b5abfb4ed4f982ad8e641884001dfc5d7c37ae6]]

<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                                        kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                              sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:

1

**Windholz, Diane (NYC)**

| | |
|---|---|
| **From:** | ECFnotice@mad.uscourts.gov |
| **Sent:** | Monday, June 20, 2005 4:05 PM |
| **To:** | CourtCopy@mad.uscourts.gov |
| **Subject:** | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Affidavit in Support of Motion" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:05 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 11
Copy the URL address from the line below into the location bar of your Web browser to view the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?11,98180,,6647349,

Docket Text:
    AFFIDAVIT in Support re [9] MOTION to Compel <I>Arbitration and to Stay Further Proceedings, for Fees and Costs and/or to Dismiss Plaintiff's Class Claims</I> filed by Morton's Restaurant Group, Inc.. (Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021177-0]
[617d67330744d28a121e9921f4d4cfe558e2135b5de99a80fd4a31946db4314fa83d6b4f80f9c6eb70dd5b742
7287bf47163707a5e920dd32d5a434e74f80b87]]


<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                              kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                      sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:

**Windholz, Diane (NYC)**

| | |
|---|---|
| From: | ECFnotice@mad.uscourts.gov |
| Sent: | Monday, June 20, 2005 4:03 PM |
| To: | CourtCopy@mad.uscourts.gov |
| Subject: | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Memorandum in Support of Motion" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:02 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 10
Copy the URL address from the line below into the location bar of your Web browser to view the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?10,98180,,51833371,

Docket Text:
  MEMORANDUM in Support re [9] MOTION to Compel <I>Arbitration and to Stay Further Proceedings, for Fees and Costs and/or to Dismiss Plaintiff's Class Claims</I> filed by Morton's Restaurant Group, Inc.. (Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021160-0]
[2c6bf536788ce4a8a37ed880a49698abbe5c63148b2d3807626765259d8ad5d71e8cd5b128aab78c1c65f140a
63c31cb3716397d3f90376ae2b11a615389e1b2]]

<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                          kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                  sliss@prle.com,
mrex@prle.com


1:05-cv-11058 Notice will not be electronically mailed to:

**Windholz, Diane (NYC)**

| | |
|---|---|
| From: | ECFnotice@mad.uscourts.gov |
| Sent: | Monday, June 20, 2005 4:01 PM |
| To: | CourtCopy@mad.uscourts.gov |
| Subject: | Activity in Case 1:05-cv-11058-MLW Johnson v. Morton's Restaurant Group, Inc. "Motion to Compel" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.
<!-- rcsid='\$Header: /ecf/district/html/TextHead,v 3.1 2003-04-25 07:56:43-04 loy Exp \$' --> United States District Court District of Massachusetts

Notice of Electronic Filing
The following transaction was entered on 6/20/2005 at 4:00 PM EDT and filed on 6/20/2005

#ident 'rcsid=\$Header: /ecf/district/server/TextBody,v 3.1 2003-04-25 07:52:35-04 loy Exp \$'
Case Name: Johnson v. Morton's Restaurant Group, Inc.
Case Number: 1:05-cv-11058 https://ecf.mad.uscourts.gov/cgi-bin/DktRpt.pl?98180

Document Number: 9
Copy the URL address from the line below into the location bar of your Web browser to view the document: https://ecf.mad.uscourts.gov/cgi-bin/show_case_doc?9,98180,,20413541,

Docket Text:
    MOTION to Compel <I>Arbitration and to Stay Further Proceedings, for Fees and Costs and/or to Dismiss Plaintiff's Class Claims</I> by Morton's Restaurant Group, Inc..(Kerman, David)

The following document(s) are associated with this transaction:
Document description: Main Document
 Original filename: yes
 Electronic document Stamp:
 [STAMP dcecfStamp_ID=1029851931 [Date=6/20/2005] [FileNumber=1021155-0]
[248e52e08cf66f0f567732f3a571321e84646ba3c8aadc2f3318c25da7a1510f7f20348da5126819d36741ba6
ec92feea2fb4bcd9c75bea9775ff5509ea42190]]

<!-- rcsid='\$Header: /ecf/district/server/TextAtyList,v 3.2 2003-06-02 17:37:56-04 bibeau
Exp \$' -->
1:05-cv-11058 Notice will be electronically mailed to:
David J. Kerman                                          kermand@jacksonlewis.com,
mulcahyc@jacksonlewis.com

Shannon E. Liss-Riordan                                  sliss@prle.com,
mrex@prle.com

1:05-cv-11058 Notice will not be electronically mailed to:

1

EXHIBIT 5



**American Arbitration Association**
*Dispute Resolution Services Worldwide*

*Northeast Case Management Center*
Catherine Shanks
Vice President

Christopher Fracassa, Yvonne Nelson
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

July 8, 2005

VIA FACSIMILE

Shannon Liss-Riordan
Pyle, Rome, Lichten & Ehrenberg P.C.
18 Tremont Street
Suite 500
Boston, MA 02108

Elise Bloom, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502

Re: 11 460 01513 05
    Mark Johnson, and all others similarly situated
    and
    Morton's Restaurant Group, Inc. and Morton's
    of Chicago, Inc.

Dear Parties:

This will acknowledge receipt on July 6, 2005, of a Demand for Arbitration dated July 5, 2005. We understand that a copy was sent to Respondent.

This will also acknowledge receipt of your payment in the amount of $125.00. Pursuant to the Supplementary Rules for Class Arbitrations as amended and in effect October 8, 2003, a preliminary filing fee of $3,250.00 is due at the time of filing. Therefore, there is an outstanding balance of $3,125.00. We note the parties' arbitration agreement states that the "Employee will be required to pay the first $150.00 of the costs of commencing arbitration, with Morton's paying the remainder of the initial fee." Accordingly, we ask that the balance of the filing fee be remitted within 7 days. Absent a response by July 15, 2005, we will return all paperwork and will not consider this matter filed.

If you have any questions, please contact the undersigned.

Sincerely,

*Katharine Flanagan*

Katharine M. Flanagan
Supervisor
401 431 4714
FlanaganK@adr.org

Catherine E. Shanks
Vice President
401 431 4848
shanksc@adr.org

EXHIBIT 6

**American Arbitration Association**
*Dispute Resolution Services Worldwide*

Northeast Case Management Center
Catherine Shanks
Vice President

Christopher Pracassa, Yvonne Nelson
Assistant Vice Presidents

950 Warren Avenue, East Providence, RI 02914
telephone: 866-293-4053 facsimile: 401-435-6529
internet: http://www.adr.org/

July 28, 2005

VIA FACSIMILE

Shannon Liss-Riordan
Pyle, Rome, Lichten & Ehrenberg P.C.
18 Tremont Street
Suite 500
Boston, MA 02108

Elise Bloom, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038

Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502

Re: 11 460 01513 05
    Mark Johnson, and all others similarly situated
    and
    Morton's Restaurant Group, Inc. and Morton's
    of Chicago, Inc.

Dear Counsel:

As of this date, we have not received the administrative fees as described in our letter of July 18, 2005. Specifically, the employer has not paid $3,100.00, which represents its share of the initial administrative fee.

At this time we are inquiring as to whether the opposing party is willing to pay this outstanding amount and seek recovery of these fees through the arbitrator's award. If so, please make payment no later than August 8, 2005. If we do not receive payment by that date, we will return all paperwork and will not consider this matter filed.

Thank you, and please feel free to call if you have any questions.

Sincerely,

Katharine Flanagan

Katharine M. Flanagan
Supervisor
401 431 4714
FlanaganK@adr.org

Catherine E. Shanks
Vice President
401 431 4848
shanksc@adr.org

**EXHIBIT 7**

**PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**

Attorneys at Law
18 Tremont Street, Suite 500
Boston, MA 02108

Warren H. Pyle
David B. Rome
Harold L. Lichten*
Betsy Ehrenberg
Shannon Liss-Riordan**
Terence E. Coles
Katherine D. Shea

Telephone (617) 367-7200
Fax (617) 367-4820

Tod A. Cochran
OF COUNSEL

M. Amy Carlin
Nicole Horberg Decter**
Rebecca G. Pontikes
Alfred Gordon
Leah M. Barrault

August 5, 2005

*Also admitted in Maine
**Also admitted in New York

*VIA FACSIMILE AND FIRST CLASS MAIL*
Diane Windholz, Esq.
Jackson Lewis LLP
59 Maiden Lane
New York, NY 10038-4502

Re:    *Mark Johnson et al. v. Morton's Restaurant Group, Inc. and Morton's
of Chicago, Inc.*, C.A. No. 05-11058

Dear Diane:

As you know, the remainder of the filing fee ($3,100) to transfer the above-titled matter to the AAA is due on Monday, August 8, and we understand that Morton's has not yet paid it.    We are surprised by this, because Morton's represented in its papers to the court that it recognized that it must pay the bulk of the arbitration expenses and because the arbitrator already ruled in the *Esposito* case that Morton's must pay all but $150 of the initial filing fee in a class case under the Morton's arbitration agreement.

Since Morton's has not yet paid its portion of the filing fee, we will pay the remainder that is due on Monday so that the case will not be dismissed by the AAA, but we expect that Morton's will reimburse our firm promptly.  Since we did not hear back from you about our proposal to consolidate this case with *Esposito*, we assume that Morton's decided against that option, which could have saved it some money in arbitration fees.

If you have questions, or if Morton's would prefer to pay the fee itself or take advantage of our proposal to consolidate this case with *Esposito*, please do not hesitate to contact me or my associate Stephen Young.

Sincerely,

Shannon Liss-Riordan

Shannon Liss-Riordan